## Case No. 15,438.

### UNITED STATES v. IMBERT.

[4 Wash. C. C. 702.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1827.

HOMICIDE ON HIGH SEAS—NATIONALITY OF VESSEL —HOW PROVED.

1. Upon an indictment for manslaughter, committed on board of an American vessel on the

2 [From 1 Chi. Leg. News, 427.]

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

high seas, or in a foreign port, it is essential for the prosecutor to prove that the vessel belonged to a citizen of the United States.

2. Quære, if the register of the vessel is the only legitimate evidence of ownership.

The defendant [Lewis A. Imbert] was indicted for manslaughter committed by him, being one of the ship's company of the Arabella, belonging to citizens of the United States, on another of the ship's company of said vessel, in the river Elba. After the evidence was concluded, it was objected by the defendant's counsel that no evidence having been given to prove that the vessel on board of which the offence is alleged to have been committed, belonged to a citizen of the United States, a verdict could not be found against the defendant. They further insisted that the only legal proof of ownership is the registry.

Ashmead & Griffith, for defendant.

WASHINGTON, Circuit Justice. The objection taken on the ground of defect of evidence is insurmountable. Manslaughter is no offence against the laws of the United States, unless it be committed on the high seas, or in some place under the sole and exclusive jurisdiction of the United States, or on board of a vessel belonging to a citizen or citizens of the United States, on some water within a foreign jurisdiction, by one or more of the ship's company, or a passenger, upon some other passenger or member of the ship's company. It is therefore essential for the prosecutor to prove that the vessel belonged to a citizen or citizens of the United States, if the offence be committed within a foreign jurisdiction. Whether the registry be or be not the only legal evidence to prove the fact, need not be decided in this case; since there has been no evidence of any kind given to establish the fact. This being the case, the jury ought to acquit the defendant.

Verdict, not guilty.