## COMMONWEALTH vs. MARTIN O'MALLEY.

On the trial of an indictment of B. for embezzlement, *Held*, that the charge was not sustained by proof that A. agreed to lend B. a certain sum of money, and handed to him money to a larger amount to count in A.'s presence and take therefrom the sum agreed to be lent, and that B., after counting the money, refused on demand to return any of it to A., and carried it all away.

INDICTMENT for embezzling seven bank-bills, of the denomination and value, respectively, two of ten dollars, three of five dollars, and one each of two dollars and one dollar.

At the trial in the superior court, before *Putnam*, J., Bridget M'Donald testified that on March 2, 1867, she was a servant in a family residing in Boston, and received from her employer, in payment of her wages, thirty-eight dollars in bank-bills; that the defendant went home with her to her employer's house that evening, and, while there, asked her to lend him a dollar; that she agreed to do so, and showed him a roll of bank-bills, being those she had received during the day in payment of her wages that he asked her to let him take the money and count it, she

not being able to read or write; and that she let him take it for that purpose; that he counted it over several times in her presence, and then, upon her asking that he should return it to her, refused to do so; that she locked the door to prevent him from leaving, but that he thereupon threatened to jump out of the window or to burn the bills, in consequence of which threats she opened the door; and that he then went off with the money.

There was other evidence from which the defendant argued that the jury ought to be satisfied that the money taken was a loan; and there was also evidence tending to show felonious intent in the taking; and it appeared that upon the same evidence as that in this case the defendant had been acquitted in a prosecution in the municipal court on the charge of larceny.

The defendant contended " that the evidence, if it showed any felony, did not show embezzlement, but larceny," and asked the judge so to rule; and also asked the judge to direct the jury to find specially " whether or not the prisoner, at the time of the delivery of the money to him, had the felonious intention of stealing it, and the taking of the money to count was only a trick or device to obtain possession of it."

The judge declined so to rule; and submitted the case to the jury with full instructions as to the distinction between embezzlement and larceny, instructing them among other things " that if they were satisfied upon the evidence that the money taken was a loan, they must acquit the defendant; or, if they were satisfied that the defendant, when he took the bills from the hands of the witness McDonald, had the guilty intent of entirely depriving her of them, and of converting them to his own use, and his taking the money to count was only a trick or device to obtain possession of the same, it would be larceny, and they must acquit him; but, if they were satisfied beyond a reasonable doubt that he had no such intent at the time, but received the bills by her permission for the purpose of counting them for her, and receiving therefrom the dollar which she had consented to loan him, and, after the money came into his hands, he then first conceived the guilty purpose of defrauding her, they might find him guilty."

The jury returned a verdict of guilty; and the defendant alleged exceptions, taking no exception, however, to the instructions given by the judge, provided this court should determine that there was evidence to sustain the indictment.

*G. C. Starkweather*, for the defendant, to the point that the evidence showed larceny, not embezzlement, cited, besides cases cited in the opinion, *Regina* v. *Jackson*, 9 Cox Crim. Cas. 505; *Regina* v. *Brown*, Dearsly, 616; *Farrell* v. *The People*, 16 Ill. 506; *White* v. *The State*, 11 Texas, 769; *Vaughn* v. *Commonwealth*, 10 Grat. 758; *Brown's Case*, 2 Swinton, 394.

*C. Allen*, Attorney General, for the Commonwealth.

HOAR, J. We are of opinion that there was no evidence to sustain the indictment for embezzlement, and that the conviction was wrong. The defendant had been previously acquitted of larceny upon proof of the same facts; and it is therefore of great importance to him, if the offence committed, if any, was larceny, that it should be so charged.

To constitute the crime of embezzlement, the property which the defendant is accused of fraudulently and feloniously converting to his own use must be shewn to have been entrusted to him, so that it was in his possession, and not in the possession of the owner. But the facts reported in the bill of exceptions do not shew that the possession of the owner of the money was ever divested. She allowed the defendant to take it for the purpose of counting it in her presence, and taking from it a dollar, which she consented to lend him. The money is alleged to have consisted of two ten dollar bills, three five dollar bills, a two dollar bill, and a one dollar bill, amounting in all to thirty-eight dollars. The one dollar he had a right to retain, but the rest of the money he was only authorized to count in her presence and hand back to her. He had it in his hands but not in his possession, any more than he would have had possession of a chair on which she might have invited him to sit. The distinction pointed out in the instructions of the court between his getting it into his hands with a felonious intent, or forming the intent after he had taken it, was therefore unimportant. The true distinction, upon principle and authority, is that stated by

the cases upon the defendant's brief, that if the owner puts his property into the hands of another, to use it or do some act in relation to it, in his presence, he does not part with the possession, and the conversion of it, *animo furandi*, is larceny. Thus in *The People* v. *Call*, 1 Denio, 120, the defendant took a promissory note to endorse a payment of interest upon it, in the presence of the owner of the note, and then carried it off, and it was held that he was rightly convicted of larceny, although he might have first formed the intention of appropriating it after it was put in his hands. So where a shopman placed some clothing in the hands of a customer, but did not consent that he should take it away from the shop till he should have made a bargain with the owner, who was in another part of the shop, his carrying it off was held to be larceny. *Commonwealth* v. *Wilde*, 5 Gray, 83. See also *Regina* v. *Thompson*, 9 Cox Crim. Cas. 244; *Regina* v. *Janson*, 4 Cox Crim. Cas. 82. In all such cases the temporary custody for the owner's purposes, and in his presence, is only the charge or custody of an agent or servant; gives no right of control against the owner; and the owner's possession is unchanged.

*Exceptions sustained.*