### COMMONWEALTH *vs.* CHARLES O. BERRY.

If goods of a master fraudulently appropriated by his servant were, at the time of such appropriation, in the possession of the master, whether actual or constructive, although in the custody of the servant, the crime is larceny.

Although a servant has the custody of goods which he receives from his master to use for a specific purpose, the possession remains in the master.

The servant of a copartnership fraudulently appropriated money which he had received from one member of the firm under the direction to carry it to another member. *Held,* that he was not liable on an indictment for embezzlement.

INDICTMENT, stated in the bill of exceptions to have been found on the Gen. Sts. *c.* 161, § 41, for embezzling bank bills of the amount and value of $950.

At the trial in the superior court, before *Brigham,* J., these facts appeared: The defendant was in the employment of a firm of furniture dealers, consisting of Daniel Shaler and George W. Safford and others, who had a factory in South Boston and a warehouse in the city of Boston proper. His special duty was to drive a team; but he was liable to perform any other kind of service which might be assigned to him by his employers. On July 20, 1867, Shaler directed the defendant to get $950 from Safford at the warehouse, and bring the same to Shaler at the factory. In pursuance of this direction, the defendant applied to Safford for the money, and Safford delivered to him a package of bank bills of the amount and value requested. The defendant never carried the package to Shaler; but left the state; remained absent for several weeks; and on returning reported to his employers that after receiving the money he visited several tippling shops, became drunk and unconscious, and did not regain his senses till the morning of July 21, when he found himself lying in a doorway on Long Wharf in Boston, that he lost the money during this period of drunkenness, and that on discovering the loss his shame was such that on the afternoon of that day he ran away without first seeing his family or any of his friends, and without telling anybody of his misfortune. But there was also evidence offered to show that he left Boston on the afternoon of July 20.

The defendant asked the judge to rule " as to the defendant's relations to his employers, and the delivery of the property to him, that said facts proved, if any crime, the crime of simple larceny, and not embezzlement; that, if embezzlement, it was embezzlement within the Gen. Sts. *c.* 161, § 38; and that said indictment could not be maintained under the evidence." The judge refused so to rule; and instructed the jury, on the contrary, " that, if the defendant was guilty, he was guilty of embezzlement as set forth in said indictment, and not larceny." The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*J. H. Bradley,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

HOAR, J. The bill of exceptions states that this indictment was found under Gen. Sts. *c.* 161, § 41. It seems to be a good indictment under that section, or under § 35 of the same chapter. *Commonwealth* v. *Concannon,* 5 Allen, 506. *Commonwealth* v. *Williams,* 3 Gray, 461. But the more important question is, whether, upon the facts reported, an indictment can be sustained for the crime of embezzlement. The statutes creating that crime were all devised for the purpose of punishing the fraudulent and felonious appropriation of property which had been intrusted to the person, by whom it was converted to his own use, in such a manner that the possession of the owner was not violated, so that he could not be convicted of larceny for appropriating it. Proof of embezzlement will not sustain a charge of larceny. *Commonwealth* v. *Simpson,* 9 Met. 138. *Commonwealth* v. *King,* 9 Cush. 284. In the case last cited, it is said by Mr. Justice Dewey that " the offences are by us considered so far distinct as to require them to be charged in such terms as will indicate the precise offence intended to be charged." " If the goods are not in the actual or constructive possession of the master, at the time they are taken, the offence of the servant will be embezzlement, and not larceny." We see no reason why the converse of the proposition is not true, that, if the property is in the actual or constructive possession of the master at the time it is taken, the offence will be larceny, and not embez

zlement. And it has been so held in England. Where the prisoner was the clerk of A., and received money from the hands of another clerk of A. to pay for an advertisement, and kept part of the money, falsely representing that the advertisement had cost more than it had; it was held that this was larceny and not embezzlement, because A. had had possession of the money by the hands of the other clerk. *Rex* v. *Murray,* 1 Mood. 276; *S. C.* 5 C. & P. 145. The distinction is between custody and possession. A servant who receives from his master goods or money to use for a specific purpose has the custody of them, but the possession remains in the master.

The St. 14 & 15 Vict. *c.* 100, § 13, provided that whenever, on the trial of an indictment for embezzlement, it should be proved that the taking amounted to larceny, there should not be an acquittal, but a conviction might be had for larceny. We have no similar statute in this Commonwealth.

In the present case, the defendant, who was employed as a servant, was directed by one member of the firm who employed him to take a sum of money from him to another member of the firm. He had the custody of the money, but not any legal or separate possession of it. The possession remained in his master. His fraudulent and felonious appropriation of it was therefore larceny, and not embezzlement. *Commonwealth* v. *O'Malley,* 97 Mass. 584. *Commonwealth* v. *Hays,* 14 Gray, 62. *People* v. *Call,* 1 Denio, 120. *United States* v. *Clew,* 4 Wash. C. C. 702.

In *People* v. *Hennessey,* 15 Wend. 147, cited for the Commonwealth, the money embezzled by the defendant had never come into the possession of his master. And in *People* v. *Dalton,* 15 Wend. 581, the possession of the defendant was that of a bailee.

*Exceptions sustained.*