## ´COMMONWEALTH *vs.* CHARLES DOHERTY.

Suffolk.    March 24. — June 25, 1879.    AMES & LORD, JJ., absent.

An indictment on the Gen. Sts. *c.* 161, § 35, charging the defendant with the embez-
zlement of a bank book belonging to A., which had been delivered on a day
named to the defendant by A., "in the trust and confidence and with the direction
that the defendant would and should thereby receive only the custody of said
book, and would and should hold the same until said book was demanded by
A., when the defendant would and should deliver up and return said book to A.,"
sufficiently alleges the possession of the bank book at the time of its embezzle-
ment to have been in the defendant.

INDICTMENT on the Gen. Sts. *c.* 161, § 35, charging that the
defendant, on May 1, 1877, at Boston, " did embezzle and fraudu-
lently convert to his own use one bank book containing evi-
dence of deposit of divers moneys to the credit of one Patrick
McLaughlin in the Provident Institution for Savings in the Town
of Boston, the same being then and there a corporation duly and
legally established, said book being then and there of the value
of one thousand dollars of the property, moneys, goods and chat-
tels of said McLaughlin, the said book being then and there
the subject of larceny, and the said book having theretofore, to
wit, on June 1, 1876, been there delivered to the said Doherty
by the said McLaughlin in the trust and confidence and with
the direction that the said Doherty would and should thereby
receive only the custody of said book, and would and should
hold the same until said book was demanded by said McLaughlin,
when he, said Doherty, would and should deliver up and return
said book to him, said McLaughlin, and the said book having been
then and there received by the said Doherty, in the said trust and
confidence and with the said direction; whereby, and by force of
the statute in such case made and provided, the said Doherty is
deemed to have committed the crime of simple larceny."

In the Superior Court, before the jury were empanelled, the
defendant moved to quash the indictment, on the ground that it
was insufficient, in that it charged that he " should thereby only
receive the custody of said book, and would and should hold the
same until said book was demanded by said McLaughlin, when
he, said Doherty, would and should deliver up and return said
book to him, said McLaughlin."

*Colburn*, J., overruled the motion; and the defendant excepted. The jury returned a verdict of guilty; and the defendant moved in arrest of judgment, assigning the same reasons as in his motion to quash. The judge overruled the motion; and the defendant alleged exceptions.

*G. L. Ruffin*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth, submitted the case without argument.

COLT, J. The statute provides for the punishment of one who embezzles property delivered to him, which may be the subject of larceny. Gen. Sts. *c.* 161, § 35.

The defendant is here charged with embezzling a savings bank book. He moved to quash the indictment, because the possession of the bank book at the time of its embezzlement was not sufficiently alleged to have been in him. In order to convict the defendant of the crime charged, it was necessary to prove that the possession of the property as distinguished from its mere custody was in him. If the actual or constructive possession was in the owner, then the wrongful conversion would be larceny, and not embezzlement. The two offences are distinct, and must be charged in such terms as will indicate the precise offence intended to be charged. *Commonwealth* v. *King*, 9 Cush. 284. *Commonwealth* v. *O'Malley*, 97 Mass. 584. *Commonwealth* v. *Berry*, 99 Mass. 428.

This indictment sufficiently alleges the crime of embezzlement. As to the possession of the property, it alleges that the book was delivered to the defendant by the owner, in the trust and confidence, and with the direction, that the defendant should thereby receive only the custody of it, and should hold it until demanded by the owner, and should then deliver up and return it to him. Taken together, this implies that the actual and legal possession was parted with by the owner, and vested in the defendant, who became a bailee of the property for safe keeping, to be delivered back to the owner when demanded. The limitation that the defendant should thereby receive only the custody of it was intended to exclude the inference that the defendant took any interest in the property, except as a naked bailee. The chief allegation is that the defendant embezzled property delivered to him by the owner in trust and confidence, which was

to be delivered back when demanded, and this allegation of possession in the defendant is not controlled by the limitation above stated.                                    *Exceptions overruled.*