*Southern Division*

## ANTHONY J. CERRONE, d/b/a MOTOR MART

v.

## LYNN MUTUAL INSURANCE COMPANY

Argued: Dec. 9, 1969.  Decided: Dec. 30, 1969.

*Present:* Nash, C.J., Cox, Murphy, J.J.

Case tried to *Lee, J.,* in the Fourth District Court of Bristol. No. 25991.

*Cox, J.* In this action the plaintiff seeks damages from the defendant as insurer because of the loss resulting from the theft of a motor vehicle. There was a finding for the plaintiff in the sum of $2,111.60. The defendant claims to be aggrieved by the denial of certain of its requests for rulings of law and by the allowance of certain of the rulings requested by the plaintiff.

The question is whether or not the loss is covered in the light of Exclusion (e) in the policy.

Exclusion (e) of the policy provides:

"(e). To a loss resulting from or occurring after the insured's voluntarily parting with title to or *possession* of any automobile, if induced to do so by any fraudulent scheme, trick, device or false pretense, or from embezzlement, conversion, secretion, theft, larceny, robbery or pilferage committed by any person entrusted by the insured with *custody* or *possession* of the automobile."

The oral evidence at the trial consisted entirely of the testimony of the plaintiff Anthony J. Cerrone and his employee Gelardo Maratta.

On November 1, 1968 a man who identified himself as John Barlow of Central Falls, Rhode Island, appeared at the lot at the plaintiff's place of business in Attleboro. He showed interest in purchasing a 1966 Toronado automobile. Maratta, the plaintiff's salesman, had observed Barlow looking at cars on the lot the previous day. Barlow inquired about price and financing and whether he could take it for a test run to show it to his wife, which would take about fifteen minutes. Maratta obtained the keys for the vehicle, attached dealer plates and entered the car for the purpose of operating it, with Barlow beside him. It was Maratta's intention to drive, but he would have permitted Barlow to do so if later requested, providing Maratta accompanied him. Maratta drove across the street and purchased $2.00 worth of gasoline. He then drove back to his employer's premises and parked in front of the show room. Maratta alighted from the vehicle, leaving the keys in the ignition and Barlow sitting in the passenger seat. He went inside the plaintiff's place of business for the purpose of leaving word at the office that he was going out on a test drive. When he arrived inside he was told that he had a telephone call from an auto body shop. He responded to the telephone call. When he returned a few minutes later the

Toronado and Barlow were gone. The vehicle has not been recovered.

The plaintiff, owner of Motor Mart, testified that the vehicle was reported to him as missing at two o'clock P.M. by Maratta. He waited until six o'clock to report the theft to the police in order to avoid possible embarrassment to all concerned if in fact no theft had occurred. The police reported that they could find no such person as John Barlow of Central Falls, Rhode Island. The plaintiff further testified that the established custom and procedure at his place of business required that a salesman be present on a test drive.

Barlow was a stranger to the plaintiff and his salesman. He was left alone in the automobile which had gasoline in the tank and the key in the ignition. Upon such evidence it would appear that the conclusion was warranted, if not required, that the vehicle was entrusted to Barlow's custody by the plaintiff's representative. That being so the provisions of Exclusion (e) would apply and there could be no recovery under the policy.

The exclusion applies by its terms not only to theft by one entrusted by the plaintiff with possession of the vehicle but it also applies to theft by one entrusted with custody of it.

The distinction between possession and custody as those words are used in Exclusion (e) has been clearly drawn. In legal contemplation *custody* is something less than *possession*. Ap-

plying the distinction to the present case the conclusion is warranted that the plaintiff at the time of the theft had *possession* but Barlow had bare *custody* derived from the plaintiff's representative. *Commonwealth* v. *Berry*, 99 Mass. 428. *Commonwealth* v. *Ryan*, 155 Mass. 523. This distinction between *possession* and *custody* is widely and consistently recognized and applied. See the numerous citations from other jurisdictions which are collected in Words and Phrases (West Pub. Co.) Custody, and, Custody of Property.

We have to examine the action taken by the justice on the requested rulings in the light of the foregoing.

The justice allowed the defendant's request No. 3 that a finding that the vehicle was stolen is warranted, adding the words *"I do not so find"*. He allowed the defendant's request No. 10 that the evidence warrants a finding for the defendant, adding *"I do not so find"*. The justice also allowed the plaintiff's request No. 6 that the evidence requires a finding that neither the plaintiff or any of his employees parted with custody of the motor vehicle. That, in our opinion is prejudicial error. In granting the plaintiff's request No. 6 he has acted inconsistently with his allowance of defendant's requests Nos. 3 and 10. It is clear that if a finding for the defendant is warranted a findin for the plaintiff is not required. He made no detailed special findings which could dispel

the inconsistency. This aspect of the case is governed by *Catalucci* v. *Mass. Bay Transportation Authority*, 351 Mass. 360.

There must be a new trial.

THOMAS R. LEEDHAM
  of South Attleboro for plaintiff
DAVID M. WOODS
  of Concord for the defendant.