*Southern District*

## No. 135

# G. FREDERICK KEATING
### v.
# THE TRAVELERS INSURANCE COMPANIES

Argued: May 19, 1976. Decided: September 8, 1976

Case tried to *Covett, J.,* in the District Court of Brockton. Number: 53097.

Present: Lee, P.J., and Tamkin, J.J.

**Lee, P·J.** This is an action of contract to recover damages under the terms of a Massachusetts Standard Automobile Insurance Policy, for the theft and/or conversion of a 1973 Dodge Calypso Motor Home.

The answer was a general denial, payment, excusal from performance, denial of privity of contract, that the policy of insurance did not cover the claim as presented, and that said policy "excluded loss due to conversion, embezzlement or secretion of property insured by any person in possession of the motor vehicle under a bailment-lease, conditional sale or other such possession", and that therefore, the defendant owed the plaintiff nothing.

The court found for the plaintiff in the sum of $10,000.00.

This case is reported on the basis of a statement of agreed facts.

The only issue in this case is whether or not the plaintiff's claim is excluded from insurance coverage by clause 27 of the insurance policy which was drafted by the defendant. Clause 27 provides that the policy does not apply in the following circumstances:

> "Under Coverages E, F-1, F-2 and H, to loss due to conversion, embezzlement or secretion by any person in possession of the insured motor vehicle under a bailment-lease, conditional sale, purchase agreement, mortgage or other encumbrance."

The parties have further agreed that there was no transfer of title and therefore, there could be no "conditional sale, purchase agreement, mortgage or other encumbrance" in the case. The only defense left to the defendant is whether or not there existed a bailment-lease.

The facts agreed to under a case stated are as follows: The plaintiff is G. Frederick Keating of 3 Holmes Street, Hanson, Massachusetts, who, on Sep-

tember 28, 1974, was the owner of a 1973 Dodge Calypso Motor Home, Massachusetts registration No. 332767. This motor home was insured by the defendant in the amount of $10,400.00 for theft. The plaintiff placed an ad in the "Want Advertiser", a weekly tabloid, which lists articles and vehicles for sale. The selling price was listed at $10,200.00. Several people inquired and looked at the motor home and one person calling himself George Hopkins of Ashland Street, Brockton, telephone No. 587-9069 inquired on September 26, 1974. He looked at the motor home and inquired if he could take it for the weekend to check out the mileage, see how the vehicle handles and check out the heater and other equipment. The alleged Mr. Hopkins gave the plaintiff $100.00 in five $20.00 bills to cover any mileage or damages to the motor home. The alleged Mr. Hopkins was neatly attired and impressed plaintiff as a businessman and there was nothing to indicate to the plaintiff that he was a thief. Mr. Hopkins took the motor home and never returned. The plaintiff reported the theft to the Hanson Police and to his insurance agent. It has been agreed in open court that in the event the plaintiff is entitled to recover his damages are to be in the amount of $10,000. The vehicle has not been recovered, and the person calling himself George Hopkins has not been located.

Where there is a "case stated," it is the duty of the trial judge and the reviewing court to order the correct judgment upon the agreed facts, and requests for rulings of law have no standing. *Quintin Vespa Co., Inc. v. Construction Service Co.,* 343 Mass. 547, 551, 552 (1962). *Geneva C. Simmons v. Cambridge Savings Bank,* 346 Mass. 327, 329 (1963).

The term bailment-lease does not have common usage in Massachusetts. There are no cases cited and therefore, we look to the legal authorities and other jurisdictions for insight into its construction.

A frequent type of "lending for hire" takes the form of a bailment lease. It arises especially in connection with the use of automotive equipment and other types of machinery where the bailee is either unwilling or unable to purchase it. *Williston on Contracts* (3rd Edition), §1041 A.

This type of transaction must of necessity be distinguished from a conditional sales. In the latter, the reservation of title, contrary to the situation in bailments, is for the purpose of security. *Williston on Contracts* (3rd Edition), §1041 A.

A bailment-lease is the letting by the owner of a chattel to another at an agreed rental for a definite term. *Smith v. American Fire & Casualty Co.*, 242 SW 2d 448, 451.

A bailment-lease is a legal method by which one desiring to purchase an article, but unable to pay therefor at the time, may secure possession thereof with the right to use and enjoy it as long as he pays stipulated rentals and becomes absolute owner after completing such installment payments, on payment of an additional sum which may be nominal. *Black's Law Dictionary*, Revised Fourth Edition, P. 180, in re *Robinson*, D. C. Pa, 40 Fed. Supp. 320, 322, 323.

The term "bailment" in its ordinary legal sense, imports the delivery of personal property by one person to another, in trust for a specific purpose, with a contract express or implied, that the trust shall be faithfully executed and the property returned or duly accounted for when the special purpose is accomplished or kept until the bailor reclaims it. 8 Am. Jur. 2d, Page 906, S. 2. *Williston on Contracts*, (3rd Ed.) §1030.

The words of the exclusion clause in question states that the person who converts the motor vehicle must be in possession of same.

One of the plaintiff's positions in addition to his claim that no bailment-lease existed, is that Hopkins had mere custody and not possession of the motor home and, therefore, the defendant does not get the protection of this exclusion clause on the basis of the facts in the case, for no bailment-lease could come into existence.

The legal distinction between possession and custody has always been a vexing one to the courts, but suffice it to say that custody is something less than possession. *Cerrone v. Lynn Mutual Ins. Co.*, 43 Mass. App. Dec. 198, 201.

We do not feel it necessary to determine whether or not custody or possession is an issue, because even if there was possession the facts do not require a finding that a bailment-lease was in existence.

The facts show that one Hopkins requested from the plaintiff to take his motor home for a weekend to try it out and gave the plaintiff $100.00 to cover mileage and any damage.

There is no evidence of any desire to rent or purchase the motor home, but simply to test it out on the weekend.

We conclude, therefore, in applying the legal definitions of a bailment-lease, as set out above, in their broadest sense, to the facts found in this case that no bailment-lease was in existence.

There being no error, **the report is ordered dismissed.**