# STRAFFORD,

## JANUARY TERM, A. D. 1845.

### LORD *v.* THE STATE.

An indictment, describing the things stolen as "three dollars in divers pieces of silver, current in this State, and of the lawful value of three dollars," is bad on error.

ERROR, to reverse a judgment of conviction upon an indictment.

The indictment alleged that the prisoner stole a horse of the value of fifty dollars, and several other articles described, "and three dollars in divers pieces of silver current in this State," and of the lawful value of three dollars.

Upon the trial the attorney-general entered a *nolle prosequi*, as to the charge for stealing the horse, to which the prisoner's counsel objected. The trial then proceeded, and the prisoner was found guilty.

Lord *v.* The State.

The errors assigned were, first, that the indictment in one count charges two distinct substantive offences, viz: larceny of a horse, and larceny of other property. Second, that the indictment is bad for want of certainty in the description of the money.

*Hale* and *Wiggins*, for the prisoner.

*Walker*, attorney-general, for the State.

GILCHRIST, J.   The indictment should contain a description of the pieces of silver stolen. In *Rex* v. *Fry*, cited in Russell on Crimes 109, it was held that "ten pounds in monies numbered," was bad upon a motion in arrest of judgment.

In this State, in the county of Carroll, it has lately been held, that "sundry pieces of silver coin, current by law within this State, amounting together to the sum of twelve dollars, of the goods, chattels and monies of &c.," was an insufficient description of property alleged to have been stolen.

The authorities show that a defect of this kind is not cured by a verdict, and by reason of it the judgment must be reversed; and it is unnecessary to inquire into the other ground of error.

*Judgment reversed.*