HAMBLETT v. THE STATE, in Error.

An indictment for stealing "sundry bank bills, amounting together" to a certain sum named, and of that value, is fatally defective, and a conviction and judgment upon it cannot be sustained.

ERROR. The plaintiff in error was indicted for stealing sundry bank bills, amounting together to the sum of $97, and of the value of $97, of the property, goods and chattels of Moses V. Peavey and Sylvester Peavey.

Having been tried, convicted and sentenced to imprisonment in the State Prison, he brought this writ, assigning for error that in the indictment it was merely alleged that he stole and carried away sundry bank bills, amounting to the sum of $97, and of that value, and that the denomination, species, or value of each, or any, or either of said bills alleged to have been stolen, is not alleged or described in the indictment.

*Christie*, for the plaintiff in error. The indictment is bad in not stating the number of bank bills charged to have been stolen. 2 Hale's P. C. 182; 2 Russ on Crimes 207; 2 Chitty's Cr. Law [947]; Bac., Abr., Indictment, G, 3; 2 Hawk. P. C. 625, 574; *Rex* v. *Gibbs*, 4 Strange 97; *Com'th* v. *Stewart*, 4 Serg. & Raw. 104, cited 2 U. S. Dig. 521, sec. 66; Stark. 220; 2 Roll. Abr. 85; 15 Mass. 240; *State* v. *Whitehouse*, decided in Carroll County; *Lord* v. *The State*, in Strafford County.

If several articles are stolen, the value of each should be alleged. It is not sufficient to allege the aggregate value of the whole. 2 Hale's P. C. 183.

*W. A. Marston*, for the Attorney General. When written instruments or bank bills are made the subjects of larceny, it is not necessary that the indictment should set out their valuation. Describing them in a general manner is sufficient. Archbold's Cr. P., 4th Am. ed., 42 ; 2 Russ. on Crimes, 5th Am. ed., 109 ; 3 Chitty's Cr. Law 947 ; 2 East's P. C. 777.

Bank bills are made the subject of larceny, and in an indictment for stealing one it is sufficient to allege that the defendant stole one bank bill of the value of, &c., of the goods and chattels of, &c., without a more particular description. *Com'th* v. *Richards*, 1 Mass. 337 ; see, also, *Milne's Case*, 2 East's P. C. 602 ; 13 Johns. 90 ; 2 Russ. on Crimes 110, *Johnson's Case ; Com'th* v. *Tuck*, 20 Pick. 56.

PARKER, C. J. There is very little discrepancy between the authorities in this case. It is not necessary, in an indictment for larceny of bills or notes, to set out the instruments stolen by a particular description of them. But the number should be stated, and nearly all the cases show that the value of each should be averred. *Johns. Case*, 2 Russ. on Crimes 110, is not, perhaps, an exception, if it may be inferred that the nine bank notes which it was alleged in the indictment were stolen by the defendant, amounting in the whole to the sum of £9, and of the value of £9, were for £1 each, and of that value.

Upon all the authorities, the indictment in this case is fatally defective. " Sundry bank notes" is quite too loose. The principle has been settled here, in the cases referred to, which it is perhaps to be regretted were not reported.

*Judgment reversed.*