STATE OF VERMONT *v.* RICHARD NEWTON.

*Larceny. Indictment. Duplicity. Description of Place. Conclusion.*

An indictment charging in a single count the larceny of different articles of personal property, belonging to different individuals, at the same time and place, is not open to the objection of duplicity.

It is alleged in the indictment in this case that the larceny was committed at Burlington, in the county of Chittenden, and the indictment also concludes: "Contrary to the statute," etc. *Held* not defective either in description of the place where the offense occurred, or in the form of its conclusion.

THIS was an indictment for the larceny of a coat, one bracelet, two ear-rings and a breast-pin. The indictment charged:

"That Richard Newton, of Burlington, in the county of Chittenden, on the 16th day of January, A. D., 1869, at said Burlington, with force and arms, one coat to the value of thirteen dollars, the property of one Ebenezer Johnson, one bracelet, two ear-rings and one breast-pin of the value of fifteen dollars, the property of Johanna O'Brien, then and there being found, feloneously did steal, take and carry away, contrary to the statue in such case made and provided, and against the peace and dignity of the state."

To this indictment the respondent demurred generally and specially, assigning as cause of special demurrer that in said indictment, containing but a single count, the respondent was charged with the commission of two separate and distinct felonies. Upon hearing, the court, PIERPOINT, C. J., presiding, overruled the demurrer to said indictment and adjudged the same sufficient; to which the respondent excepted. The respondent was then placed on trial, and the jury returned a verdict of guilty of larceny of the coat. The respondent, then before judgment and sentence,

63

filed a motion in arrest of judgment and sentence for the insufficiency of the indictment, which was overruled by the court, to which the respondent excepted.

*Romeo H. Start*, for the respondent.

Two separate and distinct offenses cannot be laid in one count of an indictment. Am. Crim. Law, § 381 ; *State* v. *Nelson*, 8 N. H., 163 ; Arch. Crim. Pl., 53. In the case at bar the respondent is charged with two separate and distinct larcenies in a single count. 2 East, 521 ; *State* v. *Nelson*, *supra*. The description of the place where the crime is alleged to have been committed, and also the conclusion of the indictment, are both defective. There is no such place as Burlington in Chittenden county. The conclusion should have been " contrary to the form of the statute," etc. Arch. Cr. Pl,, 68, 69 ; *The People* v. *Enoch*, 13 Wend., 159.

*E. R. Hard*, state's attorney, for the state.

Charging the repondent in the same count with having stolen the several goods of two different persons, does not render the count bad for duplicity. Whart. Am. Cr. L., § 391 ; *State* v. *Merrill*, 44 N. H., 624 ; *State* v. *Nelson*, 29 Maine, 329 ; *Ben* v. *The State*, 22 Ala., 9. And if the indictment was originally obnoxious to the objection of duplicity, the defect is cured by the verdict, so the motion in arrest should be overruled. Whart. Am. Cr. Law, § 395 ; *State* v. *Merrill*, *supra*. The conclusion, " contrary to the statute," is rather better than " contrary to the *form* of the statute," and either is abundantly sufficient for the purpose for which it is inserted, viz. : " to show that the prosecution proceeds upon a statute in contradiction to the common law." Whart. Am. Cr. L., § 411 ; *Com.* v. *Caldwell*, 14 Mass., 330 ; *Com.* v. *Stockbridge*, 11 Ib., 279 ; *United States* v. *Smith*, 2 Mason, 143.

The opinion of the court was delivered by

STEELE, J. It is urged that the indictment is open to the objection of duplicity, because in a single count it charges the larceny

of several articles, some of which were owned by one person and some by another.

Whether the count is double depends on whether it charges more than one larceny. Whether there was more than one larceny depends on whether there was more than one taking and not on the number of articles taken, nor on their ownership. The count alleges but one taking, a single transaction, and is therefore not double. The articles are alleged to have been found and taken at one time and at one place. The indictment follows the form in Chit. Cr. Law, 959. The authorities upon this subject are ably reviewed by Mr. Justice Sargent in *State* v. *Merrill*, 44 N. H., 625, and we concur in the doctrine of that case. See also *State* v. *Cameron*, 40 Vt., 555. We see no fault in the indictment, either in its description of the place where the offense occurred, or in the form of its conclusion. The result is a judgment that the respondent take nothing by his exceptions.