### State *v*. David Bean.

January Term, 1902.

Present: Rowell, Tyler, Munson, Start and Stafford, JJ.

Opinion filed February 27, 1902.

*Grand larceny—Witnesses—Examination—Impeachment— Verdict.*

The extent of cross-examination, when no rule of law is violated, is within the discretion of the trial court, and this court will not revise that discretion unless it was oppressively abused.

In a prosecution for the larceny of a watch and chain, a witness for the state having testified on cross-examination that, on the day following the theft, he claimed to a third party that the chain was taken with the watch, the refusal of the trial court to allow counsel for the respondent to ask the witness, for the purpose of impeaching his credibility, what he then said to the third party about the chain, is not an infringement of the right of cross-examination.

The rule above stated, as to the limit of cross-examination, is equally applicable to examinations in chief; and it is not error to refuse

to allow the respondent's examination in chief as to his efforts to find an absent witness, to go further, when it has fairly accounted for such witness'· non-production.

A verdict of "guilty of grand larceny" without a finding of the value of the property stolen, will not be set aside, since this term is generally used to designate the larceny of goods exceeding seven dollars in value, and it will not be assumed that the court omitted to instruct the jury what it was necessary to find in respect of the value of the property in order to warrant a conviction of the higher grade of the offense.

INDICTMENT for larceny. Plea, not guilty. Trial by jury at the March Term, 1901,. Washington County, *Watson,* J., presiding. Verdict guilty. The respondent excepted.

*Geo. W. Wing* and *T. R. Gordon* for the respondent.

The court erred in limiting the cross-examination of Celley.

He testified that he told Cooney the next day that the chain was taken. As bearing on the truthfulness of this testimony, the respondent had a right to find out what he said to Cooney about it.

The court should have allowed the respondent to state fully what he found about the absent witness, Martin. It was admissible for two reasons. It tended to show the honesty of his claim that he obtained the watch of ·Martin; and it would explain why he could not produce Martin in court.

The verdict should have been set aside. The jury should have determined the value of the property. V. S. 4939; 1 Bouveir's Law Dict. 900; 2 Ind. 134.

*Richard A. Hoar,* State's Attorney, for the state.

The term "grand larceny" by common acceptance is used to mean larceny of goods of more than seven dollars in value. The court so uses it. *State* v. *Magoon,* 61 Vt. 46.

The respondent waived his objection to the verdict by not making it when it was rendered. 1 Bishop Crim. Pro. §

1004. The words "grand larceny" may be rejected as surplusage. *Id.* § 1005, and cases.

ROWELL, J. A witness for the State testified in chief that the last time he saw the watch and chain alleged to have been stolen, was in a room in his house when the prisoner and one Cooney were present, and that he then took the watch down from a nail in the wall on which it hung, detached the chain, and showed the watch to Cooney; that they all three left the house at about the same time, and then the watch was hanging on the nail, as when he took it down to show to Cooney. The State claimed that the watch and chain were stolen that day. The witness testified that the next day he met Cooney, and had a talk with him about the loss of the property. On cross-examination he was asked whether he claimed to Cooney that the chain had been taken, and he said he did. As bearing upon the truthfulness of that answer and the credibility of the witness, the examiner offered to ask him what he said to Cooney, which was excluded.

It is said in *State* v. *Plant,* 67 Vt. at p. 459, 32 Atl. 238, 48 Am. St. Rep. 821, that, though cross-examination is a right, yet the court can control its exercise to any extent that does not infringe the right itself. There the court was unable to say that the right had been infringed, because the trial court saw the witness and noted the attendant circumstances, and so could tell better than this court when the cross-examination had gone far enough to accomplish its legitimate ends.

In *Miller* v. *Smith,* 112 Mass. at p. 476, it is said that the extent and limits of cross-examination, when no rule of law is violated, are within the sound discretion of the trial court. And according to the 8th Ency. Pl. & Pr. 109, 110, the appellate court will not revise that discretion unless it was oppressively abused.

Applying this doctrine, we cannot say that the right of cross-examination was here infringed, as claimed.

This doctrine is also applicable to examinations in chief in respect to controlling the extent to which they shall go in circumstance and detail in pursuing legitimate subjects, which is the question here. And it is often needful to exercise such control, in order to prevent waste of time and unnecessarily taxing the minds of the jury.

It is considered that no right of the prisoner's was violated by not letting his examination in chief go further as to the efforts he made to find Martin, of whom he claimed he bought the watch in question, as it went far enough fairly and reasonably to account for his non-production as a witness, which was all the prisoner was entitled to.

The jury returned a verdict of "guilty of grand larceny," which the prisoner moved to set aside, for that it convicted him of a crime not charged in the indictment, and one that does not exist by our law, and for that the jury did not determine the value of the property alleged to have been stolen.

The common law divided the crime of larceny into grand and petit larceny, the former being when the value of the goods was over twelve pence, and the latter, when the value was not over that sum. But these were only grades of the same offense, the punishment constituting the leading distinction between them. Our statute divides the crime in much the same way, and graduates the punishment on the basis of value above seven dollars, making the crime a felony in one case, and a misdemeanor in the other.

The terms "grand larceny" and "petit larceny" are generally used in our courts to designate the degrees into which the crime is divided; and they are well understood to mean, respectively, larceny of goods above seven dollars in value, and larceny of goods not above that value. And as all rea-

sonable presumptions will be made in this court in favor of the correctness of the proceedings and decisions of the trial court, it will not be assumed in this case that that court omitted to instruct the jury what it was necessary to find in respect of the value of the property in order to warrant a verdict of guilty of the higher grade of the offense.

*Iudgment on verdict. Let sentence be imposed and execution thereof be done.*