## COMMONWEALTH vs. PATRICK McDONALD.

Suffolk.     January 17, 1905. — April 3, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Larceny. Embezzlement. Pleading, Criminal*, Indictment, Variance. *Practice, Criminal*, Order for restoration of stolen property.

An indictment alleging that the defendant did feloniously "steal, take and carry away" money of a certain person to an amount named charges the crime of larceny with technical precision.

Since the enactment of St. 1899, c. 316, (R. L. c. 208, § 26,) in charging the crime of larceny committed by embezzlement it has been unnecessary to state the fiduciary relation existing between the defendant and the person entitled to the property embezzled, or to allege that the defendant to whom it had been intrusted converted it to his own use. See St. 1899, c. 409, § 12, (R. L. c. 218, § 38.)

In an indictment for larceny by embezzlement an allegation that the money embezzled belonged to a person named is supported by proof that the person named was the master of a fishing vessel, of which the defendant was purser for the crew, and as master had a special property in the money within the meaning of R. L. c. 219, § 9, being accountable for it to the owner of the vessel and the crew.

Where, after a defendant has been found guilty of larceny of money and sentence has been imposed, the judge makes an order that the money in the possession

of the defendant at the time of his arrest be restored to the owner as required by R. L. c. 208, § 39, the finding of the judge on the question of fact whether the money was a part of that wrongfully taken by the defendant is conclusive.

INDICTMENT, found and returned in the county of Suffolk on December 12, 1903, alleging that the defendant on November 2, 1903, at Boston, "money of the amount and of the value in all of seven hundred and seventy-seven dollars, a more particular description of which is to said jurors unknown, of the property, goods and chattels of one John Hamilton in his possession then and there being, did then and there feloniously steal, take and carry away."

At the trial in the Superior Court before *Aiken*, J., the defendant filed a motion to quash the indictment, and also a motion that the Commonwealth be required to furnish the defendant with a statement of particulars with reference to the force used in obtaining the property alleged to have been stolen, especially with reference to the exact person from whom the property was stolen and the exact time it was stolen. The motion to quash was denied by the judge, and the motion for a statement of particulars was not pressed by the defendant, an agreed statement of facts being substituted.

It appeared from the evidence that the defendant was employed on the fishing schooner Monitor, sailing from Boston and Gloucester, which brought a fare of fish to Boston on November 2, 1903; that the defendant was the cook or steward of the vessel; that John Hamilton was the captain; that when the vessel arrived the fare of fish was sold to various dealers; that it was the duty of the captain to collect the money due for the fish from the dealers and divide the proceeds, giving the owner one quarter and the crew three quarters after the expenses were deducted; Hamilton was to collect the money and account for it as above. The crew had the right to appoint a person to act as purser, whose duty it was to go with the captain to see what amounts were paid to him, so that the crew could know what amount actually was received. The defendant was chosen as such purser. Hamilton, the captain, testified that he and the defendant went to twenty-five or thirty places in Boston and collected what was due either in cash or checks, that Hamilton gave the checks to the defendant to keep for him until the next morning

when the defendant was to return the checks to him either in Boston or in Gloucester. The next morning the defendant cashed the checks and appropriated the proceeds to his own use. It was agreed that none of the money thus received by the defendant ever was returned to the captain or the owner of the vessel.

The jury returned a verdict of guilty, and the defendant was sentenced to confinement in the house of correction for the term of one year. A motion to stay the execution of the sentence was denied, and the judge ordered that the property stolen by the defendant be restored to the owner. The defendant appealed from this order. Later he alleged exceptions which were allowed by the judge.

*P. J. Casey*, for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth.

BRALEY, J. The motion to quash was overruled properly, as the indictment on its face sufficiently set forth with technical precision enough to charge the defendant with the crime of larceny. *Commonwealth* v. *Adams*, 7 Gray, 43. *Green* v. *Commonwealth*, 111 Mass. 417.

Under the agreed statement of facts, when supplemented by the defendant's evidence, it clearly appears that the money collected by him, either as cash from customers, or as returns of the checks which he negotiated, should have been delivered to the captain of the vessel, by whom alone after certain deductions had been made for expenses of the voyage, and necessary disbursements, it was to be divided in the proportion of one fourth to the owner of the vessel, and the remaining three fourths among the crew, which included the defendant.

Upon being selected by the crew, the defendant, as purser, accompanied the captain for the purpose of verifying the amounts received from the various persons to whom fish had been sold. The information thus obtained he was to communicate to them so that they would be fully informed of the financial result of the voyage, and thus be able to determine the share justly due each on its settlement.

In the performance of this service the defendant acted not as a part owner collecting money coming from the common venture, but as an agent for a special purpose.

When the checks were committed to him, either for custody or collection, and he was authorized to receive the money due from customers whose places of business were on the wharf, he became bound by the understanding between them to deliver to the captain on the following morning the checks, or their proceeds, and money he had collected.

This brings us to the principal ground of defence, that because the defendant lawfully obtained possession of the property, he was guilty of the crime of embezzlement, and not of larceny, and the variance between the allegations of the indictment and the evidence was fatal.

The distinction between larceny at common law and the offence of embezzlement has been fully pointed out, and no further exposition is required in this case. *Commonwealth* v. *James*, 1 Pick. 375, 382. *Commonwealth* v. *Ryan*, 155 Mass. 523, 527. *Commonwealth* v. *Rubin*, 165 Mass. 453, 454. *Commonwealth* v. *Parker*, 165 Mass. 526, 539.

It also is plain that under the law as it stood before the St. of 1899, c. 316, now R. L. c. 208, § 26, upon the evidence the defendant was entitled to an acquittal. *Commonwealth* v. *King*, 9 Cush. 284. *Commonwealth* v. *O'Malley*, 97 Mass. 584. *Commonwealth* v. *Berry*, 99 Mass. 428. *Commonwealth* v. *Hussey*, 111 Mass. 432. *Commonwealth* v. *Mead*, 106 Mass. 319. *Commonwealth* v. *Flynn*, 167 Mass. 460.

But since this enactment it has been unnecessary to state the fiduciary relation existing between a defendant and the person entitled to the property embezzled, or to allege that the defendant to whom it had been intrusted converted it to his own use, for the crime of larceny under this statute includes the criminal appropriation of personal property where no trespass, or fraud which has been held equivalent to trespass, in obtaining its possession appears.

By the St. of 1899, c. 409, § 12, now R. L. c. 218, § 38, it is enough for appropriately charging the offence to aver directly that the person accused did steal, without making the usual descriptive averments of asportation, or means used to obtain possession of the property. *Commonwealth* v. *Kelley*, 184 Mass. 320, 323.

But as evidence of embezzlement is now sufficient to support a

charge for larceny, an indictment which correctly sets forth the latter crime in the customary language of criminal pleading is ample to sustain a conviction thus obtained.

If the defendant desired further information to enable him to meet a more definite claim by the government than was shown by its formal allegations, or more fully to make his defence, it was open to him as of right to ask for specifications setting forth such additional facts.   R. L. c. 218, § 39.

This statutory provision fully preserved his constitutional rights, and afforded him ample protection from being misled, or rendered unable to meet the real accusation made against him. *Commonwealth* v. *Kelley, ubi supra.*   See *Commonwealth* v. *Dill,* 160 Mass. 536, 537; *Commonwealth* v. *Robertson,* 162 Mass. 90, 96.

But after filing a motion for a bill of particulars, the request was not urged, and he evidently was content to meet the issue as formally charged.

Another exception relates to the allegation of ownership, but this was amply sustained by the evidence, for Hamilton, being the master, and accountable to the owner of the vessel and the crew, had a special property in the money received within the provisions of R. L. c. 219, § 9.   *Commonwealth* v. *Blanchette,* 157 Mass. 486, 489.

We find no error of law in the instructions given to the jury, and the rulings requested were refused rightly for reasons already stated.   After judgment had been entered on the verdict and sentence imposed, an order was passed, from which the defendant appealed, directing that the money in his possession at the time of the arrest be restored to the owner as provided in R. L. c. 208, § 39.

In proceedings under the statute for such restoration it became a question of fact whether this money was a part of the amount wrongfully taken by him, and as there was evidence from which this could be found, the finding of the judge is conclusive, and not subject to review.   *Commonwealth* v. *Boudrie,* 4 Gray, 418. *Schendel* v. *Stevenson,* 153 Mass. 351, 354.

*Exceptions overruled ; order affirmed.*