THEODORE H. TYNDALE, administrator, *vs.* EBEN C. STANWOOD.

SAME *vs.* SAME.

Norfolk. December 11, 1905. — March 1, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Executor and Administrator. Real Action. Limitations, Statute of.*

The former decision in this case, reported in 186 Mass. 59, that a writ of entry was prematurely brought by the demandant as administrator to recover land fraudulently conveyed by his intestate, because when the action was brought an appeal was pending from the granting by the Probate Court to the demandant of a license to sell the real estate, governs the case since the correction of the record in accordance with the decision reported in 187 Mass. 531, as it did before that correction.

The provision of R. L. c. 146, § 2, that no claim by an executor or administrator " by entry or by action to land fraudulently conveyed by the deceased shall be made unless within five years after the decease of the grantor," is a statute of limitation which bars all actions brought after the expiration of the prescribed time. R. L. c. 202, § 31, has no application, as it relates only to extensions of the limitations imposed by c. 202.

WRIT OF ENTRY, in the Superior Court dated October 15, 1902, under R. L. c. 146, § 17, for a certain parcel of land in Quincy with the buildings thereon, which the demandant alleged that he was licensed to sell as the administrator of the estate of Isabella S. Whicher, and which he alleged had been fraudulently conveyed by his intestate to the tenant.

WRIT OF ENTRY, in the Land Court dated August 16, 1905, under the same statute between the same parties for the same parcel of land.

In the action in the Superior Court the demandant by leave of court amended his declaration by alleging the affirmance of the decree of the Probate Court, made on April 16, 1902, by a decree made by a single justice of this court on April 7, 1905. The case was submitted on an agreed statement of facts to *Crosby,* J., who found for the tenant, and at the request of the parties reported the case for determination by this court. If the action was not maintainable judgment was to be entered for the tenant; if the action was maintainable judgment was to be entered for the demandant.

The case in the Land Court was submitted upon an agreed statement of facts to *Davis,* J., who found for the demandant on the ground that the action was seasonably brought, and at the request of the parties reported the case for determination by this court. If the action was not seasonably brought judgment was to be entered for the tenant; otherwise, for the demandant.

*C. H. Hanson,* (*R. M. Morse* with him,) for the demandant.

*S. H. Tyng & J. P. Prince,* for the tenant.

KNOWLTON, C. J. The first of these two cases was before this court nearly two years ago, and was reported in 186 Mass. 59. It was then decided that the demandant could not recover because his action was prematurely brought. It is a writ of entry, brought by an administrator to recover from the tenant real estate alleged to have been conveyed to him by the intestate in fraud of her creditors. When it was brought, the demandant had been licensed by the Probate Court to sell the real estate to pay debts, and an appeal had been taken from the decree of that court, which appeal was then pending. More than a year before the first hearing in this court in the case now before us, the exceptions taken before a single justice in the hearing upon the appeal from the Probate Court had been overruled, and a rescript had been sent. At this hearing, reported in 186 Mass. 59, it was assumed both by counsel and the court that the appeal from the decree granting the license to sell had been finally disposed of, and that a decree had been properly entered, founded on the rescript of this court.

Although the case had been finally decided on its merits a long time before, there had been an informality in making the entries of record, and this record was afterwards corrected and

perfected in accordance with the decision in *Tyndale* v. *Stanwood*, 187 Mass. 531. The request for a ruling which was refused in *Tyndale* v. *Stanwood*, 186 Mass. 59, was as follows: "An appeal having been taken from the decree of the Probate Court, licensing the sale of the property in question, 'all proceedings in pursuance of the act appealed from' were 'stayed until the determination thereof by the Supreme Court of Probate.' As such determination was not made until after the commencement of this action, the same was prematurely brought." A part of the opinion in the case is as follows: "It is urged, however, by the demandant, that even if the license was not operative at the time the writ issued, inasmuch as the exceptions were held unsound and the decree granting a license was finally affirmed by the full court, the affirmation relates back to the time of the appeal, and validates intervening action. While it is true that an order or decree of the Probate Court is not vacated by an appeal but is simply suspended, and upon being affirmed by the Supreme Court takes effect and operates as a decree of the Probate Court and any intermediate action which has been had under the decree is valid, (*Gale* v. *Nickerson*, 144 Mass. 415,) still it is obvious that such intermediate action must be such as, at the time it is taken, is permitted by law, as action taken prior to the appeal. Where the statute declares a decree suspended, there can be no legal action under it. *Arnold* v. *Sabin*, 4 Cush. 46. The time of suspension must be a time of inaction, as well with reference to things not yet undertaken as those partially performed. No other interpretation would give due effect to the suspension or be consistent with the due and orderly administration of the law. It follows that the demandant failed to show so far as material to this action the license necessary to its maintenance, and the tenant was entitled to the ruling that the action was prematurely brought." It seems, therefore, that the counsel in his request, and the court in its opinion, treated the license as having been finally granted under the decision of the full court, and that the case which was then decided by this court was exactly the same as the case now before us. Seemingly the errors and omissions in the record had not then been discovered.

This decision, made after careful consideration, is conclusive

of the case in its present form.    The latest argument of the demandant, made upon the assumption that the former decision is not an adjudication applicable to the case in its present aspect, does not change our opinion quoted above.    The demandant relies much upon *Hodges* v. *Kimball*, 91 Fed. Rep. 845, and cases there cited, in which it is held that, if an administrator appointed in another State brings a suit without an appointment as ancillary administrator in the jurisdiction where the suit is commenced, his subsequent appointment there will cure the defect, and relate back to a time before the bringing of the suit. But this is·upon the ground that his appointment in the domicil of his intestate gives him a fundamental right, and that the appointment of an administrator always relates back to the time of the death of his intestate, and gives him a title to the personal estate from that time.    *Jewett* v. *Smith*, 12 Mass. 309.    *Lawrence* v. *Wright*, 23 Pick. 128.    *Alvord* v. *Marsh*, 12 Allen, 603, 604.

An administrator has no rights in real estate except those given by statute.    His right to sell under a license comes into existence only upon an adjudication by the court of certain facts that make the sale necessary.    R. L. c. 146, §§ 6, 7, 9, 10, 12. By the terms of the statute, his only right to bring an action of this kind is " by virtue of such license."    R. L. c. 146, § 17. The existence of a valid license is of the essence of his right. Without it he has no title.    There can be no license or right to sell if, at any time before it is granted, the persons interested give a proper bond to pay debts and legacies.    R. L. c. 146, § 12.

Upon an appeal from a decree granting a license, the decree becomes of no effect in reference to future proceedings, and if it is finally affirmed, a new decree is entered, which takes effect from the time of entry under the order of affirmation.    The new decree does not relate back to the time of the original decree appealed from, so as to render illegal all intervening action of owners or others for which there was lawful authority so long as the decree was suspended, and to render legal other intervening action in accordance with the decree, which action was without authority and unlawful so long as the decree was suspended.

The contention that this defence is not open under the pleadings cannot be sustained.    The fact that there was no license

does not go to the personal qualifications of the demandant, but affects his substantive claim of title.

The former decision that the action was prematurely brought governs the case, as well since the correction of the record as before it.

The second case is a new action of the same kind, between the same parties, to recover the same property, brought in the Land Court on August 16, 1905. This action was commenced more than five years after the decease of the demandant's intestate, who was the tenant's grantor, and the only question is whether it can be maintained after the expiration of so long a time.

The last part of the R. L. c. 146, § 2, is in these words : " No claim by entry or by action to land fraudulently conveyed by the deceased shall be made unless within five years after the decease of the grantor." We are of opinion that this is a statute of limitation of actions of this kind, which bars all suits brought after the expiration of the prescribed time. Bringing such an action is making a claim by action, and a claim by action cannot be made unless within five years.

There is nothing in the case which relieves the demandant from this prohibition of the statute. The R. L. c. 202, § 31, is not applicable to proceedings under this chapter, for by its terms it relates only to actions " commenced within the time limited " in chapter 202. The demandant's procurement of a license to sell the property and his bringing of another action prematurely do not enable him effectually to make this new " claim by action," more than five years after the death of the grantor.

According to the terms of the respective reports, the entry in each of the cases must be,

*Judgment for the tenant.*