LEONARD L. MORGAN *v.* LYMAN HENDRICK AND WALTER HEN-
DRICK.

May Term, 1907.

Present: ROWELL, C. J., TYLER, and MUNSON, JJ., and TAYLOR, SUPERIOR J.

Opinion filed September 6, 1907.

*Animals—Vicious Horse—Action for Injuries—Master and Serv-*
*ant—Contributory Negligence—Evidence—Previous Vicious*
*Acts— Photographs — Surgeons — Cross-Examination —In-*
*structions—Motion in Arrest—Scope.*

The extent of cross-examination, when no rule of law is violated, is within the discretion of the trial court.

In an action for injuries resulting from a kick by defendant's horse while plaintiff was raking hay therewith, based on the allegation that, to defendant's knowledge, the horse had the habit of kicking,

plaintiff was entitled to show previous acts of viciousness, although it appeared that plaintiff received the injuries complained of while he was using the horse as defendant's servant.

Photographs of the horse standing hitched to a carriage, offered to show its conduct in harness and its general disposition and character, were properly excluded, as they had no tendency to disprove the habit complained of.

Defendant's evidence having tended to show that plaintiff and his brother went to a fair two years before with the horse in question hitched to a specified wagon, it was proper to allow plaintiff's witness to testify in rebuttal that four years previously he loaned his horse to plaintiff and his brother to go to the fair with that wagon, plaintiff's brother having later testified that he and plaintiff went to the fair but once with that wagon, and then had said witness's horse.

In an action to recover damages for a broken leg caused by a kick from defendant's horse while plaintiff was raking hay therewith, a surgeon having testified in plaintiff's behalf that the lower fragments of the bones of plaintiff's leg at the point of fracture were nearer together than they naturally were, caused by the breaking and setting of the limb, it was error to restrict the cross-examination so as, in effect, to exclude the question, "How much nearer together are the bones of that leg at the point of fracture than they were before the fracture?"

Evidence that plaintiff, while riding a horse-rake drawn by the horse in question, kicked the horse, whereupon the horse kicked him, inflicting the injuries of which he complains, nothing more appearing, does not tend to show misconduct that will bar recovery.

Defendant's requested instruction that, if the jury should find that plaintiff had had a previous opportunity to observe and know the horse and its habits and traits, and did so observe and know them, he could not recover, was too broad, and it was not error to refuse it.

Judgment is never arrested except for matters apparent on the face of the strict record; hence a motion in arrest of judgment, based on matters revealed by the evidence only, was properly overruled.

CASE for injuries resulting from keeping a vicious horse. Plea, the general issue. Trial by jury at the September Term, 1906, Franklin County, *Watson,* J., presiding. At the close of

all the evidence the court directed a verdict for defendant Lyman Hendrick. Verdict and judgment for the plaintiff against Walter B. Hendrick, who excepted. The opinion states the case.

*W. H. Fairchild* and *Elmer Johnson* for the defendant.

The court erred in so restricting defendant's cross-examination of plaintiff's surgeon as to exclude the question, "How much nearer together are the bones of that leg at the point of fracture than they were before the fracture?" The right of cross-examination is a legal right. If no opportunity is offered for cross-examination, the testimony taken on direct examination must be stricken out. 2 Wig. Ev., §1390; 1 Greenl. Ev., §445; 8 Am. & Eng. Enc. Pl. & Pr. 98; *Stiles* v. *Estabrook,* 66 Vt. 535; *Langley* v. *Wardsworth,* 99 N. Y. 61.

The photographs were admissible both to show that the horse was quiet in harness, and to show its general disposition. 1 Wig. Ev., §792; 22 Am. & Eng. Enc. 772; *Pritchard* v. *Austin,* 69 N. H. 367.

The court erred in refusing defendant's requested instruction. "If the jury find that the mare kicked the plaintiff and such kicking was caused by plaintiff's abuse, misuse, or ill-treatment of the mare, plaintiff will be said to have brought the injury upon himself, and cannot recover." A person who irritates an animal, and is bitten or kicked in turn, is deemed to have proximately caused the damage sustained, and so cannot recover. Bigelow, Torts, 274; *Coggswell* v. *Baldwin,* 15 Vt. 405; *Werner* v. *Winterbottom,* 1 N. Y. Supp. 417; *Muller* v. *McKesson,* 73 N. Y. 195; *Marble et al.* v. *Ross,* 124 Mass. 44; *Nickerbocker Ice Co.* v. *Finn,* 80 Fed. 483.

*C. G. Austin & Sons* for the plaintiff.

The evidence of previous vicious acts was properly received. Under the issue as made, it was for the jury to say whether the horse was vicious and had a propensity to attack and kick mankind. By pleading the general issue the defendant denied that the animal was vicious and denied knowledge of the same. The only proper way to show the affirmative of this proposition would be by evidence of the animal's character previous to the injury.

*Arnald* v. *Norton,* 25 Conn. 92; *Kittredge* v. *Elliot,* 16 N. H. 77; *Fake* v. *Addicks,* 45 Minn. 37; *Rider* v. *White,* 65 N. Y. 54; *Kennon* v. *Gilmer,* 131 U. S. 22; *Dover* v. *Winchester,* 70 Vt. 421; 1 Wig. Ev., §201.

The extent of cross-examination to test the accuracy, veracity, or credibility of a witness, is within the discretion of the trial court. *State* v. *Fornier & Cox,* 68 Vt. 270; *McGovern* v. *Hays & Smith,* 75 Vt. 108; *Hathaway* v. *Goslant,* 77 Vt. 199; *State* v. *Bean,* 74 Vt. 111; *State* v. *Plant,* 67 Vt. 459; *Miller* v. *Smith,* 112 Mass. 476; 8 Enc. Pl. & Pr. 109, 110.

Defendant's requested instruction, as to the result if the jury should find that plaintiff kicked the horse, was not warranted by the evidence and, hence, was properly denied. *Winchell* v. *Express Co.,* 64 Vt. 15; *Winn* v. *Rutland,* 52 Vt. 481; *Weeks* v. *Lyndon,* 54 Vt. 638; *State* v. *Bradley,* 64 Vt. 466.

The motion in arrest of judgment was properly overruled, because the same is based upon evidence in the case and is not directed solely to defects appearing in the declaration. Nothing is better settled than that on a motion in arrest for insufficiency of the declaration, only the declaration itself and the subsequent pleadings that may, and sometimes do, help out, can be looked into. *Baker* v. *Sherman & Miller,* 73 Vt. 26; *Harding* v. *Cragie,* 8 Vt. 501. The declaration is good, containing every element essential to a recovery. There was no need of any averment of negligence in the declaration. As said by Lord Denman, C. J., in delivering the judgment of the court in *May* v. *Burdett,* 2 Q. B. 101: "Whoever keeps an animal accustomed to attack and bite mankind, with the knowledge that it is so accustomed, is *prima facie* liable in an action on the case at the suit of the person attacked and injured by the animal, without any averment of negligence or default in the securing or taking care of. The gist of the action is the keeping of the animal after a knowledge of its mischievous propensities." *Brown* v. *Carpenter,* 26 Vt. 638; *Oakes* v. *Spaulding,* 40 Vt. 347.

MUNSON, J. The plaintiff, a laborer in the employ of the defendant, had his leg broken while alone in the field raking hay with defendant's horse, and claimed that the injury was caused by the horse kicking him while he was on the rake, and

sought to recover on the ground that the horse had the habit of kicking and that this was known to the defendant.

It having appeared that the relation of master and servant existed between the parties at the time of the injury, the defendant objected to all evidence of previous acts of viciousness. The facts that the plaintiff was the servant of the defendant, and was using the horse in work he was employed to do, were not sufficient to relieve the defendant from liability; and the evidence was properly received.

After a reasonably long and comprehensive cross-examination of the witness Wood as to collateral facts bearing on the question of his presence on a certain occasion, the court directed counsel to suspend the inquiry. This was a legitimate exercise of its discretion. *State* v. *Bean,* 74 Vt. 111, 52 Atl. 269.

The photographs showing the horse hitched to a carriage and standing at rest, offered to show its conduct on two different occasions while in harness, and again to show its general disposition and character, were properly excluded. They had no tendency to disprove the habit complained of.

The defendant introduced evidence tending to show that the plaintiff and his brother went to a fair two years before with the horse in question hitched to the wagon of one Sturgess. In rebuttal, the plaintiff called one Gould, who was permitted to testify under exception, upon plaintiff's promise to make a further connection of the evidence, that he loaned his horse to the plaintiff and his brother to go to the fair with the Sturgess wagon, and that this was four years before, and was the only such occasion. Defendant thereupon moved that this testimony be stricken out, because it did not rebut the point made by his evidence, which motion was overruled and an exception allowed. The plaintiff then produced his brother, who testified that they went to the fair but once with the Sturgess wagon and then had the Gould horse. The testimony of Gould was admissible in connection with this evidence.

A surgeon produced by the plaintiff testified that the lower fragments of the bones of plaintiff's leg at the point of fracture were nearer together than they naturally were, caused by the breaking and setting of the limb; and that this had disturbed the location of the bones in the ankle and foot, and would cause permanent lameness. Upon cross-examination the defendant

asked: "How much nearer together are the bones of that leg at the point of fracture than they were before the fracture?" This was objected to because it assumed that the doctor knew the distance between the two bones before the fracture. The court did not pass upon the question directly, but said, "he can only give his opinion of it." Counsel then said: "May I ask him if he knows they were nearer together?" To which the court replied: "No, because that is a matter he could not know." Defendant excepted to these rulings.

The question asked was proper. It was in effect excluded, and the exclusion is covered by the exception. It is said in argument that there was no evidence that the doctor had ever seen the plaintiff's leg before the injury, and that the court's statement in the presence of the jury that this was a matter he could not know about benefited the defendant as much as if testified to by the witness. But these suggestions do not meet the difficulty. The witness spoke as one having some knowledge of the relative position of the bones before the injury when he testified that they were now nearer together. His direct evidence was based on the assumption that the bones were originally in normal position, and the defendant was entitled to propound inquiries on the same assumption. The natural position of the bones was a matter of scientific knowledge. The course taken restricted the cross-examination upon a subject of vital importance.

A witness for the defendant testified that the plaintiff told him, in accounting for the accident, that he kicked the horse and the horse kicked him. In view of this evidence the defendant requested an instruction that if the kicking by the horse was caused by the plaintiff's abuse, misuse or ill-treatment of the horse, he must be said to have brought the injury upon himself and cannot recover. The request was properly refused. Evidence that one riding a horse-rake in operation kicked the horse in front of him, nothing more appearing, is not evidence tending to show conduct that will bar recovery.

There was evidence that the plaintiff had had some previous opportunity for observing the horse, and had once driven it into Canada, having the entire charge of it for over two days. The defendant requested a charge that if the jury should find that

19

the plaintiff had had an opportunity to observe and know the horse and its habits and traits, and did so observe and know them, he could not recover. Whatever the law may be as to the effect of plaintiff's knowledge of the vicious habit complained of, a charge in the words of this request would have been too broad, and it was not error to refuse it. There was no exception to the charge as given.

The motion in arrest was properly overruled. It was based on the existence of the relation of master and servant—a fact disclosed by the evidence. The only questions reached by motion in arrest are those apparent on the face of the record.

*Judgment reversed and cause remanded.*