STATE *v.* CORA BAKER, ALIAS CORA BLAND, ALIAS CORA DREW.

May Term, 1927.

Present:   WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed October 5, 1927.

*Criminal   Law—Information—Larceny—Kinds   of   Larceny— Necessity of Stating in Information Value of Property Taken—Defect in Description Not Curable by Verdict— Effect of General Verdict of Guilty Where Description in Information of Part of Property Is Inadequate·and Value Is Stated in Aggregate—Disposition of Respondent on Reversal of Conviction for Grand Larceny for Fault in Information Which Is Amendable.*

1.  Where allegations of information of but one count were to effect that numerous articles of personal property, described or attempted to be described as stolen, were all owned by same person, were in same place, were all taken at same time, and were all of value of $50, such taking was but single offense of larceny.

2.  Under G. L. 6862, 6863, simple larceny or theft is of two kinds: "Grand larceny," when value of goods taken is above $25; "petit larceny," when such value does not exceed that sum.

3.  Since grades of larceny and degrees of punishment are made to depend on value of property stolen, it is essential that value be stated in indictment or information charging offense, and, when larceny charged is of numerous specific articles all of which are well laid, at same time and place, statement of aggregate value of whole is sufficient, but better form is to allege value of each specific article.

4.  Description in information for larceny of articles stolen, as "three gray navy woolen blankets, manufactured by the Bridgewater Woolen Company, one green and brown plaid blanket, being a Beacon blanket," and "one aluminum coffee percolator," *held* to be sufficiently certain and definite.

5.  Description in information for larceny of articles stolen, as "a quantity of canned goods, a quantity of towels and a quantity of knives and spoons and two candlesticks," *held* insufficient as being too vague and uncertain.

6. Foregoing defect in information for larceny, being such as to deprive respondent of substantial constitutional rights, *held* not cured or curable by verdict.

7. Where part of property, the larceny of which was charged in information, was adequately described, and part inadequately described, and value thereof was stated only in aggregate of whole, general verdict of guilty of grand larceny covering all, and sentence thereon, cannot stand, there being nothing to support judgment rendered or punishment imposed, since value of part of property well laid, not having been found or stated, grade of offense could not be determined.

8. Where conviction for grand larceny is reversed because of failure of information to describe adequately property taken, respondent will not be discharged, for information is amendable by leave of court on remand of case.

INFORMATION for larceny. Plea, not guilty. Trial by jury at the December Term, 1926, Windsor County, *Thompson,* J., presiding. Verdict, guilty of grand larceny, and sentence thereon. The respondent excepted. The opinion states the case. *Judgment reversed, sentence set aside, and cause remanded, with instructions.*

*Hugh Moore* for the respondent.

Motion in arrest should have been granted, because information for larceny is insufficient to support a conviction, in that it does not set forth exact offense charged with sufficient particularity to enable respondent to make intelligent preparation for defense, nor to enable respondent to plead conviction in a subsequent prosecution for the offense. *State* v. *Villa,* 92 Vt. 121; *State* v. *Hamblett,* 18 N. H. 384; *State* v. *Silverman,* 76 N. H. 309, 311; *State* v. *Ainsworth,* 11 Vt. 91; *State* v. *Pianfetti,* 79 Vt. 236, 241.

*Robert R. Twitchell,* State's attorney, for the State.

The information set forth the time, the venue, the title to goods that were subject of larceny, as complete a description of goods as possible, and value of all the goods, together with the names of respondent, place of residence, and what was done to

constitute commission of crime alleged. This was sufficient. *State* v. *Villa,* 92 Vt. 121; *State* v. *Webber,* 78 Vt. 463.

If information was defective, it was cured by verdict. *State* v. *Barr and Pianfetti,* 78 Vt. 97.

STATEMENT BY CHIEF JUSTICE WATSON: The information of one count charges the respondent with the larceny, on to wit, the 3d day of September, 1926, at Bridgewater in the County of Windsor, of ''three gray navy woolen blankets, manufactured by the Bridgewater Woolen Company, one green and brown plaid blanket, being a Beacon blanket, one aluminum coffee percolator, a quantity of canned goods, a quantity of towels and a quantity of knives and spoons and two candlesticks, all of the value of, to wit, fifty dollars, of the goods and chattels of Tony Sebatino, then and there being found,'' etc.

A general verdict of guilty of grand larceny was returned, and the respondent seasonably filed a motion in arrest of judgment. The motion was overruled, and judgment on the verdict was rendered, to each of which respondent excepted. Thereupon respondent was sentenced to be confined at hard labor in the State's prison for women at Rutland for the term of not less than one year and three months, nor more than two years, and to pay costs. Mittimus was issued and respondent is in execution.

The grounds of the motion are that the complaint is insufficient to support a judgment, in that it is uncertain, indefinite, did not enable her (respondent) to make intelligent preparation for defense, nor to plead her conviction in a subsequent prosecution for the same offense; that the complaint does not state the value of any item of property alleged to have been stolen, nor sufficiently described any article, nor describe the percolator mentioned, nor state the kind, number, or other description of canned goods, towels, knives and spoons alleged to have been stolen.

WATSON, C. J. The only questions presented for our consideration, arise upon the motion in arrest.

[1] The allegations of the information being to the effect that the numerous distinct articles of property described or attempted to be described as stolen, were all owned by the same person, were in the same place, were all taken at one and the

same time, and were all of the value of fifty dollars, such taking was but a single offense of larceny. *State* v. *Cameron,* 40 Vt. 555; *State* v. *Newton,* 42 Vt. 537; *State* v. *Emery,* 68 Vt. 109, 34 Atl. 432, 54 A. S. R. 878.

[2]    At common law simple larceny or theft was of two kinds, *viz.,* grand larceny, when the value of the goods taken was above a certain sum, and petit larceny, when the value was not above that sum. The nature of the offense was the same in both, but the degree of punishment differed. 1 Hale P. C. 503. And in this State the same division of the crime is fixed on a similar basis by statute. Formerly when the goods taken exceeded in value the sum of seven dollars the offense was of the former class, and when the value did not exceed that sum the offense was of the latter class. *State* v. *Bean,* 74 Vt. 111, 52 Atl. 269. More recently the statute was so amended in this respect as to fix the grades of the crime and the punishment on the basis of distinctive value of the property stolen being in excess of twenty-five dollars. G. L. 6862, 6863.

[3]    Hence, it necessarily follows that since under our law the grades of larceny and the degree of punishment are made to depend on the value of the property stolen, it is essential that the value be stated in the indictment or information charging the offense. And this may be done when the larceny charged is of numerous specific articles all of which are well laid, at the same time and place, by simply stating in the indictment or information the aggregate value of the whole. 2 Bish. Cr. Proc., § 714. However, Mr. Bishop says: ''The ordinary and practically best form of the allegation is to add the value to each specific article; or, what is the same thing, to say, if there are several articles of a kind, so many, each of the value of so much. Then, if any one is inadequately laid, or is adjudged not to be the subject of larceny, or is not proved, the averment as to it alone may be rejected; or, if the jury do not deem the value of each to be as alleged, they may diminish any one or all in their findings; and, in any case, the proceeding will be sustained.'' 17 R. C. L. 59, 60; *Hope* v. *The Commonwealth,* 9 Met. (Mass.) 134; *State* v. *Brew,* 4 Wash. 95, 29 Pac. 762, 31 A. S. R. 904; *Thompson* v. *State,* 43 Tex. 271.

The importance of what is said in the foregoing passage from Bishop more particularly appears in our discussion of the question presented, whether the information sufficiently de-

scribes the several articles of property alleged as stolen. The verdict was general, and as broad as the offense charged.

In *State* v. *Villa,* 92 Vt. 121, 102 Atl. 935, the same legal question was raised on exception to the overruling of a motion in arrest, for that the complaint was uncertain, insufficient and indefinite and did not legally inform the respondent of the causes and nature of the accusation against her. The question was there considered and determined on the basis of the constitutional right of a respondent in that respect when a charge is brought against him. The Court states the organic requirement as follows: ''Reasonable certainty in the statement of the crime suffices. All that is required is that the charge be set forth with such particularity as will reasonably indicate the exact offense the accused is charged with, and will enable him to make intelligent preparation for his defense, and if the trial goes against him, to plead his conviction in a subsequent prosecution for the same offense.'' It was further there held that the essential elements of these three branches of the requirement must be found in the formal accusation to which the accused is called upon to plead, unaided by extrinsic facts; and that if the accusation is legally inadequate, it cannot be made sufficient even by a specification or bill of particulars.

[4]    The four blankets alleged as stolen are described as ''three gray navy woolen blankets, manufactured by the Bridge-Water Woolen Company, one green and brown plaid blanket, being a Beacon blanket.'' We think these descriptions are made with reasonable certainty, and meet the requirements of the rule. ''One aluminum coffee percolator.'' Although this description may not seem to be with quite the same certainty and definiteness as that of the blankets, we are of opinion it is sufficiently certain and definite reasonably to advise the respondent to that extent of the exact charge against her; and it is not apparent how she could be to any inconvenience in preparing her defense because of inability to understand from the description the precise thing described; nor do we see why she might not well plead her conviction in bar against any future prosecution for the same offense. The case of *State* v. *Parker,* 47 Vt. 19, is much in point. There, the description in the indictment of the property stolen was ''one feather bed,'' and it was held sufficient against motion in arrest.

[5]   But what we have said concerning the descriptions of the blankets and the percolator, cannot be applied to the other specific articles of property alleged as stolen. ''A quantity of canned goods, a quantity of towels and a quantity of knives and spoons and two candlesticks.'' As a description, each of these is too vague and uncertain to be in conformity to the essential requirements.   One can hardly conceive a word more indefinite than ''quantity'' when used to denote something capable of being numbered or counted.  See *Commonwealth* v. *Gavin*, 121 Mass. 54, 23 A. R. 255.   Of what the canned goods consisted— whether vegetables, fruits, fish, meat or something else—is not stated.   They could be any one or more of the kinds of goods put into sealed metal cans, or glass or earthenware jars, for preservation, and proof thereof would support the information. The same in legal effect may be said of ''Knives and spoons.'' The former are of many different shapes for a variety of uses, as (to mention a few) pocket knives, table knives, carving knives, chopping knives, hunting knives; knives of mowing-machines, and other machines used in connection with the pursuits of agriculture and wood-workings.   Spoons are made of silver, gold, iron, mixed metal, wood, horn, shell, or other materials, and of various sizes and shapes.   Proof of any such knives or spoons as are here mentioned would be consistent with the information. Applying a similar course of reasoning to the ''quantity of towels,'' and to the ''two candlesticks,'' the same result is reached—the descriptions are too vague and uncertain to comport with the requirements.   In *Melvin* v. *State*, 120 Ga. 490, 48 S. E. 198, it was held that ''one shovel'' was a too indefinite description, there being numerous varieties of shovels ranging from a toy instrument used by a child to immense appliances propelled by steam and used in a mine or elsewhere,  To the same effect in *Leftwich* v. *Com.*, 20 Grat. (Va.) 716.   There the description in the indictment of money stolen, as ''ninety dollars in the United States Currency,'' was held insufficient.   In *Hamblett* v. *The State*, 18 N. H. 384, the description in the indictment for stealing ''sundry bank bills, amounting together'' to a certain sum named, and of that value, was held to be fatally defective, and that a conviction and judgment thereon could not be sustained.   In *Lord* v. *State*, 20 N. H. 404, 51 A. D. 231, the description, ''three dollars in divers pieces of silver current in this state,'' was held not sufficient in an indictment for larceny.

The information contains no allegation to the effect that a more certain description of any part of the property stolen was unknown to the prosecuting State's attorney. See 17 R. C. L. 56; 36 C. J. 815.

[6]    It is urged on the part of the State, however, that if the information was defective in the respects pointed out, the defects were cured by the verdict. But this is not so. For the defects were such as to deprive the respondent of substantial constitutional rights (*State* v. *Villa, supra*), and were therefore not curable in that manner. If defects of this character are so aided, such constitutional rights are not preserved to a respondent against whom a verdict of guilty is returned, and the Constitution affords him no protection even against a subsequent prosecution for the same offense. See *Commonwealth* v. *McDonald,* 187 Mass. 581, 73 N. E. 852. In *Lord* v. *State, supra,* the highest court of New Hampshire said, "The authorities show that a defect of this kind is not cured by a verdict, and by reason of it the judgment must be reversed." To the same effect is *State* v. *Gove,* 34 N. H. 511. See also *State* v. *Costello,* 62 Conn. 128, 25 Atl. 477.

[7, 8]    The record then presents a case where part of the property the larceny of which is charged, is adequately, and part inadequately, laid; the value thereof is stated only in the aggregate of the whole; and the verdict was general of guilty of grand larceny, covering the whole.

It being, as we have seen, essential to allege the value, because upon it depended the grade of the crime and the degree of punishment, there was nothing to support the judgment rendered or the punishment imposed; for no value was stated or found of the part of the property well laid. The value of that may have been more or it may have been less than the sum distinguishing the grades of the offense. On the verdict the respondent was adjudged guilty of the higher grade and is now in execution therefor, each without authority of law. But she will not be discharged, for the information is amendable by leave of court on remand of the case. *State* v. *Austin,* 72 Vt. 46, 47 Atl. 102; *State* v. *Ryea,* 97 Vt. 219, 122 Atl. 422; *State* v. *Palmer,* 94 Vt. 278, 110 Atl. 426.

*Judgment reversed, sentence set aside, and cause remanded with leave to apply for leave to amend the information within a*

*reasonable time; and the information being amended, let a trial de novo be had. If the State fails' so to apply, let the judgment on the verdict be arrested. The respondent is discharged from her present imprisonment and remanded to the custody of the sheriff of Windsor County to be by him detained until otherwise ordered by authority of law.*