JAMES SEVERANCE *v.* NEW ENGLAND TALC CO.

January Term, 1900.

Present :   ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed March 9, 1900.

*Negligence—Duty of employer—Employer a mining company*—It is the duty of a mining company in excavating a shaft, to be duly careful to leave the walls in a reasonably safe condition.

*Risks due to master's negligence not assumed as incident to the employment*—Risks which ought not to exist, and which would not exist but for the master's negligence, are not among those assumed by the servant as ordinarily incident to his employment.

*Special assumption of risks due to master's negligence*—There is no special assumption by a servant of a risk due to the master's negligence, unless the servant knows or ought to know of the unnecessary risk so caused.

*The case—Question of defendant's liability for the jury*—In view of the evidence reviewed in the opinion, the plaintiff, an employee of the defendant, was entitled to go to the jury upon the question of the liability of the defendant for injuries received by the plaintiff by the falling upon him of a mass of broken rock while he was at work as such employee in the defendant's talc mine.

CASE FOR NEGLIGENCE.   Plea, the general issue.   Trial by jury, Rutland County, September Term, 1899, *Taft,* J., presiding.   Verdict and judgment for the plaintiff.   The defendant excepted.

At the close of the evidence the defendant moved that the court direct a verdict in its favor, on the ground that there was no evidence in the case entitling the plaintiff to recover.

*Butler & Moloney* for the plaintiff.

*Hunton & Stickney* for the defendant.

MUNSON, J. The plaintiff, an employee in the defendant's talc mine, while working on a platform built in the shaft at the entrance to a drift, was injured by a mass of broken rock, which became detached from the north side of the shaft at a point some twenty-five feet above the platform. He had then been at work in the mine about four weeks, but he had worked there nearly four months in the preceding year. The shaft was made by taking out a vein of talc, and was entirely excavated at the point in question before the plaintiff's first employment. The workmen entered and left the mine on the south side of the shaft, the width of which from north to south was about twenty feet. The only light they had was from ordinary lanterns carried with and hung near them; and they could scarcely see the place from which the rock fell, either in passing up and down or from the platform where they worked.

Talc is described in the evidence as a mineral soapy to the touch, and easily dislodged because of its slippery character. A vein of talc is usually separated from the solid rock by a mixture of talc and quartz, the limit of which is easily determined; and safety requires that both the pure talc and the surrounding mixture be entirely taken out. The material which fell upon the plaintiff consisted of this mixture.

The evidence tending to establish the above facts presented a case on which the plaintiff was entitled to go to the jury, and the defendant's motion for a verdict was properly overruled. It was the duty of the defendant in excavating the shaft to be duly careful to leave the walls in a reasonably safe condition. *Union Pacific Ry. Co.* v. *Jarvis*, 3 C. C. A. 433; *Western Coal and Mining Co.* v. *Ingraham*, 17 C. C. A. 71. Risks which ought not to have existed, and which would not have existed but for the master's negligence, are not included in the risks assumed as ordinarily incident to the employment. *Dumas* v. *Stone*, 65 Vt. 442. There was no special assumption of this risk, for it does not appear that the plaintiff knew or ought to have known that the wall had been left in an unnecessarily dangerous condition.

*Judgment affirmed.*