HENRY BLANCHARD *v.* VERMONT SHADE ROLLER COMPANY.

November Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed May 8, 1911.

*Master and Servant—Injuries to Servant—Elevators—Assumption of Risk—Assurance of Safety—Authority of Superintendent —Consideration—Necessity—Concurring Causes—Charge— Submission of Issues—Harmless Error—Action—Nature— Assumpsit or Case—Several Counts —Effect—Variance.*

Though a servant worked in an elevator pit with full knowledge of the risks ordinarily incident to the work, he did not assume those risks where the superintendent undertook to protect him therefrom.

A factory superintendent, having entire charge of the factory and help, had authority to bind his principal by assuring an employee that he would protect him against accident while working in an elevator pit, and in making and fulfilling that arrangement the superintendent was the representative of his principal, and not a fellow servant.

Where plaintiff was working in an elevator pit in reliance on the assurance of the superintendent to protect him, the superintendent's neglect in permitting the elevator to ascend, thus leaving an opening in the shaft through which a fellow servant negligently sent a truck which fell on plaintiff, was a concurring cause of the injury, for which the employer is liable.

In an action for injury to a servant caused by the concurrent negligence of the superintendent, who therein represented the master, and of a fellow servant, the submission of the question as to which negligence was the proximate cause of the injury was error harmless to defendant.

A declaration in a servant's action for injuries is in case and not in assumpsit, where it alleges the relation of the parties, defendant's duty to provide plaintiff a safe place wherein to work, and negligent failure to perform that duty, though the duty relied on was to fulfil a promise to protect plaintiff while at work, and though breach of that promise is alleged.

Under P. S. 1505, insufficiency of one of several counts for the same cause of action does not defeat a general verdict for plaintiff.

A servant suing his master in tort for injury resulting from the negligent breach of a promise to protect him against an accident need not show consideration for the promise.

In a servant's action for injury while working in an elevator pit and caused by a truck falling through an opening in the shaft, there was no variance between an allegation in the declaration that defendant promised plaintiff that it would protect him and would keep the elevator so as to make the place safe, "that is to say," defendant promised to keep the elevator in a fixed position in the floor immediately above the pit, and proof showing an understanding that the elevator would be kept at the first floor above the pit.

CASE for negligence. Plea, the general issue. Trial by jury at the June Term, 1911, Addison County, *Miles*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

The first count in the declaration, after alleging in general terms an undertaking by defendant to protect plaintiff in the performance of the work that he was doing at the time of the accident, proceeds as follows: "That is to say, that the defendant then and there promised and assumed to the plaintiff that while the plaintiff was at work in the pit aforesaid, as aforesaid, it, the defendant, would cause the elevator running in said shaft as aforesaid to be kept and maintained in a fixed position in the floor of said shop immediately above the pit wherein the plaintiff was at work and while the said plaintiff was at work therein. And the plaintiff further alleges that the said defendant not regarding his promise to care for and protect the plaintiff in his said work, did not keep and maintain the aforesaid elevator in a safe and proper condition and position, to wit, in a position even with the floor next above where the plaintiff was at work, but did, contrary to said promise and without the knowledge of the plaintiff, carelessly and negligently allow said elevator to be raised to a higher floor in said building or to a place above the floor at which said elevator should have remained

to afford safe and proper protection for the plaintiff, and did thereby carelessly and negligently cause an opening to be left in the floor immediately above where the plaintiff was at work as aforesaid."

*Brown & Hopkins* and *V. A. Bullard* for the defendant.

The proximate cause of the injury was the sending the truck off the floor into the elevator shaft, which was the act of a fellow servant. The movement of the elevator was not a proximate cause. Hence a verdict should have been directed for defendant. *Davis & Gay* v. *C. V. R. R. Co.*, 66 Vt. 292; *Morrison* v. *Davis*, 20 Penn. St. 171; *Dewey* v. *New York etc. Co.*, 13 Gray 481; *Memphis etc. Co.* v. *Reeves*, 10 Wall. 176; *Hoadley* v. *Northern Transportation Co.*, 115 Mass. 304; *St. Louis etc. Co.* v *Commercial Union Ins. Co.*, 139 Wis. 223; *Mobus* v. *Town of Waitsfield*, 15 Vt. 122; *Railroad Co.* v. *Hiatt*, 17 Ind. 102; *Stickney* v. *Maidstone*, 30 Vt. 738; *Trow* v. *Railroad Co.*, 24 Vt. 487; *Railway Co.* v. *Ives*, 114 U. S. 408; *Corbin* v. *Grand Trunk Railway Co.*, 78 Vt. 458; *Gilson* v. *Delaware etc. Co.*, 65 Vt. 213; *Jackson* v. *Railway Co.*, 13 La. 491; *Pittsburg etc. Co.* v. *Stanley*, 41 Ohio St. 118; *Wood* v. *Penn Co.*, 55 Am. St. Rep. 728; *Evansville etc. Co.* v. *Welch*, 81 Am. St. Rep. 102.

*F. W. Tuttle* and *F. L. Fish* for the plaintiff.

Plaintiff was entitled to go to the jury on the questions of the negligence of the superintendent, in view of his promise to protect plaintiff, and of due care and assumed risk on plaintiff's part. *Lambert* v. *Miss. Pulp Co.*, 72 Vt. 278; *Skullane* v. *Kellogg*, 169 Mass. 544; *Bradley* v. *N. Y. Cen. R. Co.*, 3 Thomp. & C. (N. Y.) 288; *Mullane* v. *Houston etc. Ferry R. Co.*, 21 Misc. (N. Y.) 10, 46 N. Y. Sup. 957; *Mo. P. R. Co.* v. *Williams*, 75 Tex. 4. In the circumstances of this case the superintendent was vice principal, or representative of the master. *C. M. etc. Co.* v. *Ross*, 112 U. S. 377; *Davis* v. *Central Vt. R. Co.* 55 Vt. 84; *B. & O. R. Co.* v. *Baugh*, 149 U. S. 368; *Westerland* v. *Rothchild*, Wash. 102 Pac. 765; *Car* v. *General Fire Extinguisher Co.*, 73 Atl. 432; *Crystal Ice Co.* v. *Sherlock*, 37 Neb. 19; *Houston*

v.· *Brush,* 66 Vt. 331; *Hayes* v. *Colchester Mills,* 69 Vt. 1; *Severance* v. *N. E. Talc Co.,* 72 Vt. 181; *Harrison* v. *Detroit L. N. R. Co.,* 7 L. R. A. 623. The undertaking of the superintendent was in fulfilment of the master's duty to furnish plaintiff a safe place wherein to work. If he performed that undertaking the place would be safe. Failure to perform that undertaking was the negligence of the master. *O'Brien* v. *Mute-Hallett Co.,* 177 Mass. 422; *Benzing* v. *Steinway & Sons,* 101 N. Y. 547; *Haley* v. *Case,* 142 Mass. 316; *Keen's Admr.* v. *Keystone Crescent etc. Co.,* 118 S. W. 355; *Moore* v. *W. St. L. & P. Ry. Co.,* 85 Mo. 588; *Ill. Steel Co.* v. *Schymanowski,* 162 Ill. 447; *Northern Pacific R. Co.* v. *Amato,* 144 U. S. 465; *Davis* v. *N. Y., N. H. & C. R. R.,* 159 Mass. 532; *Proulx* v. *Bishop Co.,* 204 Mass. 130; *Leonard* v. *Collins,* 70 N. Y. 90; *Wheeler* v. *Wason Mfg. Co.,* 135 Mass. 294.

MUNSON, J. The plaintiff, an adult employee in the defendant's shade roller factory at Vergennes, while at work throwing out rubbish from the elevator pit, was injured by a truck which came down through an unenclosed elevator opening in the floor above. He had worked in the factory twelve years; during the last ten of which he had kept the boiler fires, and in connection with this had gathered the refuse wood from all parts of the building. In doing this work he had used the elevator, and had become familiar with the manner and extent of its use by the other employees; had seen the number of men at work and the number of trucks in use on the floors above the basement; and must have seen how the trucks stood and were handled in the vicinity of the elevator openings. The conditions affecting the safety of one working in the pit were the same during this period as on the day of the accident. It thus appears from undisputed evidence that the plaintiff engaged in this work with full knowledge of the risks ordinarily attending it; and if the case is to turn upon this point it will be necessary to say that the plaintiff assumed the risk and cannot recover.

But the testimony of the plaintiff as to the circumstances in which he was doing the work introduces another element. He states in substance that the work was being done on this

occasion by direction of Graves, the superintendent, and in his presence; that when he entered the pit the elevator was standing at the first floor above, with the bottom even with the floor; that when Graves sent the elevator up to that point some one came along and said, "you ought to put slats under the elevator to keep it from coming down," and that thereupon Graves, who was standing close to the rod which controlled the elevator, said, "No, Henry, I am going to be here, and will be on the lookout for you:" that he went on with his work relying on what Graves said, and did not know when the elevator went up from the floor above. Graves denied that there was any such talk as that testified to by the plaintiff, and testified that when the plaintiff entered the pit the elevator was in the top floor instead of the middle floor; but said that he stood right by the elevator rod all the while, and kept his hand upon it until some one above signalled that he wanted to use the elevator, when he permitted it to go, and that when he did this he told the plaintiff to step out of the pit, and that he did so, but stepped back too quick. These statements were evidence tending to show that the plaintiff was doing the work in reliance upon an undertaking of the superintendent to protect him in respect to the operation of the elevator; and a finding of this fact, if unaffected by other considerations, would relieve the plaintiff's conduct of the effect it would otherwise have as an assumption of the risks attending the ordinary use of the elevator.

The defendant contends that Graves had no authority to promise plaintiff that he would give him this protection. The defendant is a corporation, with its principal office and managing official located at Burlington. This official testified that he went to the factory as occasion required—it might be twice in one week and might be once in three months. It is apparent from all the evidence that Graves had the entire charge of the factory and help. As far as the conditions affecting the safety of the employees depended upon a master's oversight and direction he stood in the place of the defendant. The assurance he gave the plaintiff was incident to the proper management of the business.

It is said further that if Graves had authority to make this arrangement, he was nevertheless a fellow-servant of the

plaintiff in attempting to carry it out, and that the defendant is not responsible for his failure therein.   The defendant relies in support of this contention upon *Brown* v. *People's Gas Light Co.*, 81 Vt. 477, 71 Atl. 204, 22 L. R. A. (N. S.) 738; but we think that case is not in point.   This undertaking was a means adopted to make safe for the occupancy of the plaintiff a place that was otherwise unsafe; and neither the place nor the use to be made of it had any relation to the progress of a work of construction. The danger to be incurred if the plaintiff· was left unprotected was not one in any way connected with his work, but one due to an existing condition for which the defendant was responsible. The protection promised was to take the place of the ordinary safeguards, the presence of which might have hindered the defendant's work, but the absence of which made the place unsafe; and the plaintiff was entitled to one thing or the other unless both were waived.   The supervision was undertaken and exercised in circumstances which indicate that the plaintiff proceeded, and was understood to proceed, in reliance upon it. The protection was not to be secured by performing the duty of a workman, but by an exercise of that control which was a prerogative of the superintendent.   In carrying out the arrangement, as well as in making it, Graves must be considered the representative of the defendant.

But the defendant claims that the act of Graves in permitting the elevator to be moved was not the proximate cause of the plaintiff's injury—that the proximate cause was the careless act of the fellow-servant who sent the truck into the space left open by the moving of the elevator.   We think the case is one of concurrent causes.   The permission to move the elevator and the careless handling of the truck co-operated to produce the injury.   The falling of the truck was the immediate cause of the injury, but it was not the sole proximate cause, for the failure of the defendant to guard the plaintiff against the happening of such an accident concurred in producing the injury. The falling of a truck through an unenclosed opening in a floor occupied as this was, was something which might reasonably be expected to occur, and something which could not occur if the opening was kept closed.

The points thus far considered were made the grounds of

a motion for the direction of a verdict; and the disposition made
of them and the discussion connected therewith sufficiently
dispose of the more general claims that there was no evidence
of negligence on the part of the defendant, and none tending
to show that the plaintiff was free from contributory negligence.
It is claimed further that the undisputed evidence shows that
the plaintiff knew or ought to have known of every negligence
complained of in the declaration as amended. But the evidence
tends to show that he did not know of the movement of the
elevator from the floor above him, and tends to establish facts
that were an ample excuse for his not knowing it. Other points
made under this motion will be more conveniently considered
after examining questions raised by the motion in arrest of
judgment.

The defendant argues certain exceptions taken to the charge.
It follows from the views already expressed that the court was
right in assuming that Graves's action was within his authority,
and in submitting the question whether the plaintiff relied
upon the assurance given. It is said that the court should
have charged that the mover of the truck was a fellow-servant
of the plaintiff. The court plainly assumed this in its charge;
and if there is a chance that the jury failed to understand it
the defendant is not harmed by it, for under the holding of this
Court, the defendant is chargeable even though the mover of
the truck was a fellow-servant. It is claimed that it was error
to submit the question of proximate cause; that the court should
have held that the proximate cause was the moving of the truck
by the fellow-servant, "or something else." Upon the defend-
ant's theory, if the question was to be disposed of as matter
of law, the holding should have been that the act of the fellow-
servant was the sole proximate cause of the injury. This would
have been error, and the defendant cannot claim that an error
should have been made in his favor. But if the court had
charged that the act of the superintendent was the sole prox-
imate cause this also would have been error, and as regards this
alternative, a submission which gave the jury an opportunity
to determine the issue in the defendant's favor was not harmful.

The charge permitted the plaintiff to recover such sums
as he had been called upon to expend for his recovery; and such

sums as he might be called upon to expend in the future.   Error is asserted on the ground that there was no evidence of what had been expended.   But the case shows that no exception was taken as to past expenditures, and nothing is now claimed as to the charge respecting future expenditures.

The defendant urges in support of its motion in arrest that the first count is in assumpsit and therefore improperly joined with the other counts.   But we think the first count is in case. It sets up the relation of the parties, the general duties arising from that relation, including the duty of providing a safe place for the plaintiff to work in, the respects wherein the place provided was unsafe, the matters which are claimed to have raised a particular duty in that behalf, the careless and negligent failure to perform that duty, and the resulting injury.   It is true that the special duty relied upon was the fulfillment of a promise to take certain action for the plaintiff's safety, and that the defendant is alleged so to have agreed, promised and assumed. But the use of these words in this connection and with reference to such an undertaking does not determine the nature of the declaration.   It is argued that a breach is alleged; but the non-fulfillment of the undertaking is necessarily alleged to establish the negligence.

The motion in arrest is put upon the further ground that the second and third counts contain no allegation that the plaintiff was without knowlege of the acts of negligence therein alleged; and it is said in this connection that there was no evidence of such want of knowledge.   It is true that the second count has no such allegation; but if the omission is fatal to the count it cannot avail the defendant, for the counts are all for the same cause of action, and the statute provides that in such a case the verdict shall be deemed a finding on the good counts only.   P. S. 1505.   The only negligence alleged in this count is the failure to protect the elevator shaft by suitable guards, and there certainly was no evidence that the plaintiff was ignorant of this fact.   The third count covers also the special undertaking more fully set out in the first, and contains the usual allegation, "all of which was then and there unknown to the plaintiff."   The question whether there was evidence to support this allegation as far as it relates to the special undertaking

will be covered by the consideration of further points made
under the motion to direct a verdict.

It is claimed under the motion for a verdict that there was
no allegation nor proof of a consideration for the promise relied
upon. The declaration being in tort for a misfeasance no
consideration was needed to give effect to the promise as a basis
of recovery. Chitty 383.

It remains to consider the further claim that there is a
variance between the allegations of the first count respecting
an agreement and the evidence received in support thereof,
and that there was no evidence tending to support the agreement
as alleged. It is argued that the agreement as alleged was to
keep the elevator in the first floor above the plaintiff, and that
the agreement shown was to keep the elevator from coming
below that floor. The count alleges that the defendant promised
the plaintiff that it would protect him in his work, and would
keep the elevator in a situation that would make the place
safe; "that is to say," the defendant promised that it would
keep the elevator in a fixed position in the floor immediately
above the pit. The plaintiff testified that Graves said he
would be there and would be on the lookout for him.
Counsel argue from the fact that this was said in recog-
nition of a remark of some one that slats ought to be put
under the elevator to keep it from coming down, that
the undertaking was limited to guarding against that dan-
ger. But the language of Graves as testified to by the plain-
tiff, and Graves's testimony that when he let the elevator
move he told the plaintiff to step out of the pit, were to be con-
sidered in connection with the situation as the plaintiff's evidence
tended to establish it. It was for the jury to say what floor
the elevator was in and moved from, and to apply the acknowl-
edged act of the superintendent to the contested fact as thus
determined. They were to find from all this evidence what
the understanding was, and there was evidence from which
they could find an understanding that the elevator should be
kept in the first floor above. This would sustain the specific
allegation of the *videlicet*. It was not necessary for the plaintiff
to show an express undertaking corresponding substantially
to the averment of the declaration, as the defendant argues.

It follows from what has been said that the answers in the plaintiff's deposition tending to show that Graves undertook to keep the elevator at the first floor above, were admissible.

*Judgment affirmed.*