JAMES FOWLIE'S ADMX. *v.* McDONALD, CUTLER & CO.

October Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 21, 1913.

*Master and Servant—Action for Injuries to Servant—Burden of Proof—Assumption of Risk—Question for Jury.*

In an action for the death of plaintiff's intestate while operating a dump car at defendant's quarry, plaintiff has the burden of proving that deceased did not assume the risk of the accident.

In an action against a master for the death of plaintiff's intestate, where plaintiff has the burden of showing that deceased did not assume the risk of the extraordinary danger that caused his death, that burden may be discharged by proof of such facts and circumstances as warrant the inference that deceased was ignorant of the defects and dangers in question.

CASE for negligence. Plea, the general issue. Trial by jury at the March Term, 1912, Washington County, *Fish,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. This case has been twice before in the Supreme Court; 82 Vt. 230; 85 Vt. 438.

*H. B. Bygrave* and *R. A. Hoar* for the defendant.

*John W. Gordon* and *S. Hollister Jackson* for the plaintiff.

HASELTON, J. The action is case for negligence. Trial by jury was had, and the plaintiff obtained a verdict on which judgment was rendered. The defendants excepted.

The plaintiff's intestate was killed in the defendant's employment and while assisting in the operation of a dump car. While he and the man he was assisting were pushing a car into which a stone had been previously loaded, the car tipped up towards them in consequence, as some of the evidence tended to show, of defects in the car, the stone came off, and the intestate was killed. The case has been twice before this Court, 83 Vt. 230, 85 Vt. 439, and enough has already been said to make a general statement of the case unnecessary at this time.

The sole claim which the defendants now make is that there is no evidence in the case tending to show non-assumption by the intestate of the extraordinary risk, and that, therefore, a verdict should have been directed for the defendants.

The question is raised by an exception to the action of the trial court in overruling a motion for a directed verdict.

This same question was in the case when it was first here, and the contention of the defendants was not sustained.

The transcript of the evidence has been made a part of the exceptions in this case, and we do not undertake to say that the evidence is so far the same as that received on the first trial as to make the doctrine of the law of the case applicable here.

But the evidence bearing upon this question is so similar that the decision of the point made when the case was first here is of great authority.   The Court then recognized the rule as to the burden of proof for which the defendants contend and which is familiar law in this State, but applying a general rule to the specific case said of the non-assumption of risk: "It may be established by the proof of such facts and circumstances as warrant the jury in drawing therefrom an inference that Fowlie was ignorant of the defects or its dangers. * * * * The character of the alleged defects, their location and extent, Fowlie's short experience with the car, his opportunity to take note of its condition in the course of his employment, and the other circumstances disclosed by the record made a proper case for the jury on that point, for it cannot be said as matter of law that the defects were so plainly visible and the consequent dangers of such a character that Fowlie was chargeable with knowledge and comprehension thereof either actual or presumed."

The language of the last clause of the quotation does not quite conform to the rule in this State as to the burden of proof. But that this is so was obviously unintentional, and the meaning is clear, for the court had just stated the rule as to the burden of proof and had said that the circumstantial evidence made a case for the jury under the rule.   See *Barney* v. *Quaker Oats Co.,* 85 Vt. 372, 82 Atl. 113.

The quotation above made states the doctrine of the voluntary assumption of an extraordinary risk due to defective machinery, or appliances, as it is recognized in this State. *Fowlie's Admrx.* v. *McDonald, Cutler & Co.,* 82 Vt. 230, 72 Atl. 989; *Duggan* v. *Heaphy,* 85 Vt. 515, 83 Atl. 726; *Dailey* v. *Swift & Co.,* 86 Vt. 189, 84 Atl. 603; *Vaillancourt* v. *Grand Trunk Ry. Co.,* 82 Vt. 416, 436, 437, 74 Atl. 99; *Williams* v. *Norton Bros.,* 81 Vt. 1, 8, 69 Atl. 146; *Severance* v. *New England Talc Co.,* 72 Vt. 181, 47 Atl. 833.

Our examination of the transcript in this case has been thorough, and has been greatly aided by numerous references made by counsel, and in view of the careful attention given to the details of the testimony on the former hearings, we deem it sufficient here to say that the tendency of some of the plaintiff's evidence was such as to take the case to the jury under the rule above quoted and approved.

*Judgment affirmed.*