AFFRA H. RYDER *v.* VERMONT LAST BLOCK COMPANY.

October Term, 1916.

Present:  MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed February 1, 1917.

*Exceptions—Motion for Verdict—Master and Servant—Duty of Master to Furnish Safe Place and Keep in Repair—Negligence—Duty to Inspect—Contributory Negligence—Assumption of Risk—Questions for Jury—Evidence—Duty of Court to Instruction Upon all Substantial Issues—Future Damages—Expert Testimony.*

In considering an exception to the overruling of defendant's motion for a verdict, the Supreme Court will treat as proved what the evidence making in plaintiff's favor fairly and reasonably tended to show.

A master is bound to furnish his servant a reasonably safe place in which to work, and to keep it in reasonable repair.

In an action of tort, the plaintiff's evidence tended to show that while he was employed in the defendants' factory, he was injured by a block of wood falling from a trough, which extended overhead through the room in which plaintiff's work required him to be and above the place where he was told to go by his foreman and which was used for the purpose of conveying blocks of wood from one part of the factory to another; that the falling of the block of wood was caused by the broken condition of the metal lining of the trough and that this condition of the lining had existed for a month or so previous to the accident. *Held*, that the question of negligence on the part of the defendant was for the jury.

On the above facts, *held*, that the plaintiff had no duty of inspection, and so could not be taken as matter of law to have known of the risk consequent upon the defendants' negligence and to have assumed it voluntarily and so the question of assumption of risk was for the jury.

On the above facts, *held*, that the question of contributory negligence on part of plaintiff was for the jury.

Although the burden of showing freedom from contributory negligence, in an action of tort to recover for personal injuries, is upon the plaintiff, it is not necessary that he should introduce evidence distinctly directed to that matter; the requisite inferences may be drawn from evidence of a more general character.

While the trial court is bound, without request, to charge upon all the substantial issues in the case, it is not bound to make every conceivable comment upon the evidence and the weight of it.

In an action of tort to recover for personal injuries, expert medical testimony alone can lay a foundation for the claim that the injury complained of has destroyed the earning capacity of the plaintiff for the remainder of his life, and where there is an entire absence of expert testimony as to the probable progress and duration of the trouble caused by the injury, it is error to permit the jury to determine the future damages.

TORT to recover for personal injuries caused by the alleged negligence of defendant. Plea, the general issue. Trial by jury at the April Term, 1916, Windham County, *Miles,* J., presiding. Verdict and judgment for plaintiff. Defendant excepted. The case is fully stated in the opinion.

There was no expert testimony introduced as to the probable duration of the plaintiff's injury nor as to future disability. The court, in charging the jury upon the question of damages, said:

"If you find that the plaintiff is entitled to recover, then you come to the question of damages, and the court charges you upon this point, that if the plaintiff is entitled to recover he is entitled to recover for the loss of time which he has already sustained, and for the loss of time, if any, or of ability to perform labor in the future, if any; and for the pain and suffering which he has already borne, and which he will sustain, if any, in the future; for whatever sum or sums he has paid out in endeavoring to cure himself, and whatever sum, if any, he will be called upon in the future to expend in curing himself, or attempting to cure himself of the injury which he has sustained. In order to get at his future earnings and what he is entitled to recover, if anything, in the future, you are to take into consideration the probable length of his life, the probable amount which he would earn during that time,—and at the same time you are to take into consideration what it costs him for his own personal support; you are also to take into account whether there is a probability, or would have been a probability of loss of time in the future. You are to take into consideration then the probabilities of sickness or anything that may occur in the case of such a man as he is shown to have been before the accident; and when you have determined what his services are worth in the future it is wise for you to determine what it might be annually, and then to find what its present worth is now. What he may earn in the years in the future, if he receives anything, should be reduced to its present worth. A sum of money that he might earn years hence should be reduced to what it is worth to receive the pay today or at the time of the judgment; that is, you get present worth of his future earnings, if any."

To this instruction the defendant excepted.

*Gleason & Wilcox* for the defendant.

The condition of the place and the spout, of which plaintiff complains, were as open and apparent to him as to his employer; and the possibility of injury therefrom was as fully within his comprehension and anticipation, if not more so, as his employer. In the circumstances of this case plaintiff is chargeable with full knowledge of the conditions under which he worked and full comprehension of the dangers connected therewith. The foreman's instructions to him were general. His injury did not occur while obeying a peremptory order. Where there is an entire want of evidence on an essential element of plaintiff's case, a verdict should be directed for defendant. *Town of Putney* v. *Town of Dummerston*, 13 Vt. 370; *Robinson* v. *Cone*, 22 Vt. 213; *Hyde* v. *Town of Jamaica*, 27 Vt. 443; *Sias Consolidated Lighting Co.*, 73 Vt. 35, 50 Atl. 554; *French* v. *Grand Trunk R. Co.*, 76 Vt. 441; *Johnson* v. *Boston & M. R. R.*, 78 Vt. 344, 62 Atl. 1021, 4 L. R. A. (N. S.) 856; *Dunbar* v. *C. V. Ry. Co.*, 79 Vt. 474, 65 Atl. 528; *Hatch* v. *Reynolds' Est.*, 80 Vt. 294, 67 Atl. 816; *Harris* v. *Bottum*, 81 Vt. 346, 70 Atl. 560; *Shumm's Adm'x* v. *Rutland R. Co.*, 81 Vt. 186; *Wiggins* v. *E. Z. Waist Co.*, 83 Vt. 365, 76 Atl. 36; *Fraser* v. *Blanchard & Crowley*, 83 Vt. 136, 73 Atl. 995, affirmed on rehearing, 83 Vt. 136, 75 Atl. 797; *Lindsey* v. *Spear*, 112 Me. 230, 91 Atl. 981; *Monk* v. *Bangor Power Co.*, 112 Me. 492, 92 Atl. 617; *McFadden* v. *City of Philadelphia*, 248 Pa. 83, 93 Atl. 827; *Fluhart Colliers Co.* v. *Meeks*, 160 Ky. 127, 169 S. W. 686; *Wheeler* v. *C. & W. I. R. Co.*, 267 Ill. 306, 108 N. E. 330; *Skiple* v. *Johnson Chair Co.*, 182 Ill. App. 66; *Burke* v. *Pa. Coal Co.*, 245 Pa. 512, 91 Atl. 893; *Dodge* v. *Kaufman*, 152 Wis. 171, 139 N. W. 741; *Feroglio* v. *Paulsen*, 131 Pac. 1163; *National Fire Roofing Co.* v. *Smith*, 99 N. E. 829; *Chicago B. & Q. R. Co.* v. *Shalstrom*, 195 Fed. 725; *Levi* v. *Illinois Box Co.*, 161 Ill. App. 157; *Pozlep* v. *Crane Co.*, 161 Ill. App. 422; 26 Cyc. 1202, and cases cited; *Ames* v. *Lake Shore & Mich. So. Ry. Co.*, 135 Ind. 363, 35 N. E. 117.

An employee has no right of action against his employer for an injury received by him which results from a pure accident, and the employer's omission to guard against it is not negligence. *Craven* v. *Mayers*, 165 Mass. 271, 42 N. E. 1131; *Glover* v. *Kansas City Bolt & Nut Co.*, 153 Mo. 327, 55 S. W. 88; *Hysell* v. *Swift & Co.*, 78 Mo. App. 39; *Wendell* v. *Chicago & A. Ry. Co.*, 100 Mo. App. 556, 75 S. W. 689; *Kappes* v. *Brown*

*Shoe Co.,* 116 Mo. App. 154, 90 S. W. 1158; *National Biscuit Co.* v. *Nolan,* 138 Fed. 6, 70 C. C. A. 436 and cases cited. *The Chico,* 140 Fed. 468.

The master is not bound periodically to inspect small tools in every day use, in which defects may be ascertained by the servants themselves. *Wachsmuth* v. *Shaw Elec. Crane Co.,* 118 Mich. 275, 76 N. W. 497; 5 Detroit Leg. N. 510; *Koschman* v. *Ash,* 98 Minn. 312, 108 N. W. 514, 116 Am. St. Rep. 373; *Miller* v. *Erie R. Co.,* 47 N. Y. S. 285, 21 App. Div. 45; *Louisville N. A. & C. Ry. Co.* v. *Quinn,* 14 Ind. App. 554, 43 N. E. 240.

While a master is absolutely required to furnish a servant with a safe place to work, he is required to exercise only ordinary care to keep the place safe, and if it becomes unsafe, and the servant is injured before the master has knowledge of the existence of the danger or a reasonable opportunity to obtain such knowledge or remedy the defect, he is not liable. *Howard* v. *Beldenville Lumber Co.,* 129 Wis. 98, 108 N. W. 48; *Deane* v. *Roaring Fork Electric Light & Power Co.,* 5 Colo. App. 521, 39 Pac. 346; *Chicago & A. R. Co.* v. *Merriman,* 95 Ill. App. 628.

Plaintiff, in undertaking the work for which he was employed, and with familiarity with the general character of his surroundings and the appliances with which he was to perform the work, assumed all risks including those incidental thereto. *Lake Shore & M. S. Ry. Co.* v. *McCormick,* 74 Ind. 440; *Louisville E. & St. L. C. Ry. Co.* v. *Hanning,* 31 N. E. 187, 131 Ind. 528, 31 Am. St. Rep. 443; *Williamson* v. *Sheldon Marble Co.,* 66 Vt. 427; *Caron* v. *B. & A. R. Co.,* 164 Mass. 523, 42 N. E. 112; *International Packing Co.* v. *Kretowicz,* 119 Ill. App. 488; *Bauer* v. *Amer. Car & Foundry Co.,* 132 Mich. 537, 94 N. W. 9, 10 Detroit Leg. N. 17; *Caven* v. *Bodwell Granite Co.,* 99 Me. 278, 59 Atl. 285; *Lamotte* v. *Boyce,* 105 Mich. 545, 63 N. W. 517; *Romona Oolitic Stone Co.* v. *Tate,* 12 Ind. App. 57, 37 N. E. 1065, 39 N. E. 529.

Where the injury for which damages are claimed subjective (that is, one which is not in all its features and effects clearly visible and understandable to laymen or persons without medical skill and scientific training) expert testimony is absolutely essential on the questions of the probable permanancy of the injury, the probable incapacity to labor and earn money in the future, the probable suffering and probable incidental expense

·in endeavoring to effect a cure. There must be a reasonable certainty of future damages, a mere probability is not enough. .The submission to the jury of evidence which, in the absence of .expert opinion, would leave the probability of future pain to conjecture, is reversible error. *Cleveland C. C. & I. Ry. Co.* v. *Newell,* 104 Ind. 264, 3 N. E. 836, 54 Am. Rep. 312; *Ohio & M. Ry.* v. *Crosby,* 107 Ind. 32, 7 N. E. 373; *Fry* v. *Dubuque & S. W. Ry. Co.,* 45 Iowa 416; Sutherland on Damages (3rd ed.) Sec. 121 and cases cited; *Pittsburgh, Ft. W. & C. R. Co.* v. *Moore,* 110 Ill. App. 304; *Shulz* v. *Griffith,* 103 Iowa 150, 72 N. W. 445, 40 L. R. A. 117; *Webb* v. *Union Ry. Co. of N. Y. City,* 60 N. Y. S. 1087, 44 App. Div. 413; *Scott* v. *Yonkers R. Co.,* 64 N. Y. S. 817, 51 App. Div. 626; *McNeil* v. *Interurban St. Ry. Co.,* 92 N. Y. S. 767; *Chicago, M. & St. P. Ry. Co.* v. *Lindeman,* 143 Fed. 946, 75 C. C. A. 18; *Ford* v. *City of Des Moines,* 106 Iowa 94, 75 N. W. 630, *Wheeler* v. *City of Boone,* 108 Iowa 235, 78 N. W. ·909, 44 L. R. A. 821; *Chicago G. W. Ry. Co.* v. *Bailey,* 9 Kan. App. 207, 59 Pac. 659; *Schwend* v. *St. Louis Transit Co.,* 105 Mo. App. 534, 80 S. W. 40; *Haas* v. *St. Louis & S. Ry. Co.,* 111 Mo. App. 706, 90 S. W. 1155; *Reardon* v. *3rd Ave. R. Co.,* 48 N. Y. S. 1005, 24 App. Div. 163; *McKenna* v. *Brooklyn Heights R. Co.,* 58 N. Y. S. 462, 41 App. Div. 255; *Houston E. & W. T. Ry. Co.* v. *Richards,* 20 Tex. Civ. App. 203, 49 S. W. 687; *Howard* v. *Beldenville Lumber Co.,* 129 Wis. 98, 108 N. W. 48; *Western Union Tel. Co.* v. *Morris,* 83 Fed. 992, 28 C. C. A. 56; *So. Chicago City Ry. Co.* v. *Walters,* 70 Ill. App. 271; Shearman & Redfield on Negl. (6th ed.) Vol. 3, p. 1937; *Curtis* v. *Rochester & Jc. Ry. Co.,* 18 N. Y. 534; *White* v. *Mil. R. Co.,* 61 Wis. 536, 21 N. W. 524; *Hardy* v. *Mil. R. Co.,* 89 Wis. 183, 61 N. W. 771; *Cameron* v. *Union Tr. Line,* 10 Wash. 507, 39 Pac. 128; *Shawnee-Tecumseh Traction Co.* v. *Griggs,* 131 Pac. 230; *Chicago, B. & Q. R. R. Co.* v. *Warner,* 108 Ill. 538; *Lake Shore & M. S. Ry. Co.* v. *Johnson,* 135 Ill. 641, 26 N. E. 510; *Strohm* v. *Railroad Co.,* 96 N. Y. 305; *Rose* v. *Kansas City,* 48 Mo. App. 440; *Slack* v. *Harris,* 200 Ill. 96, 101 Ill. App. 527, 65 N. E. 669; *Haines* v. *Goodlander,* 73 Kan. 183, 84 Pac. 986.

*Chase & Chase* and *H. G. & F. E. Barber* for the plaintiff.

The evidence, both as to the condition of the lining of the spout and the manner in which plaintiff was injured, was con-

flicting. Even if plaintiff was charged with knowledge of the worn lining, it cannot be said, as matter of law, that he was guilty of contributory negligence, unless he knew or ought to have known that such a defect was likely to cause last blocks to fall over the side of the spout. The whole question as to the negligence of plaintiff or defendant was for the jury. *Lindsay* v. *Lindsay,* 11 Vt. 621, and cases cited in the opinion; *Sowles* v. *Moore,* 65 Vt. 322; *Morrisey* v. *Hughes,* 65 Vt. 553; *Howrigan* v. *Town of Bakersfield,* 79 Vt. 249; *Place* v. *Grand Trunk Ry. Co.,* 80 Vt. 196, 82 Vt. 42; *Doyle* v. *Melendy,* 83 Vt. 339; *Morris* v. *Trudo,* 83 Vt. 44; *Adams* v. *Averill,* 87 Vt. 230; *Morrisette* v. *Can. Pac. R. Co.,* 74 Vt. 232; *Houston* v. *Brush and Curtiss,* 66 Vt. 331; Shear & Red. on Negl. (6th ed.) Sec. 54, 29 Cyc. 640.

HASELTON, J. This is an action to recover for personal injuries received by the plaintiff while in the service of the defendant. Trial was by jury, and verdict and judgment were for the plaintiff. The defendant brings exceptions.

The main questions are presented by an exception to the refusal of the court at the close of the evidence to direct a verdict for the defendant. In considering this exception we are to treat as proved what the evidence making in the plaintiff's favor fairly and reasonably tended to show, and the case so made may be briefly stated in narrative form as follows:

The defendant, at the time of the accident, operated a factory in which it was engaged in the manufacture of shoe lasts, croquet balls and other wooden things. Wood was cut into rough blocks on the first floor of the factory, and these rough blocks were carried to the second floor by belt conveyors which dropped the blocks into spouts or troughs which tipped at such an angle that the blocks dropped from ends of the spouts to the floor. The spouts were so high above the floor that they did not interfere with the passing of men under them.

The plaintiff was in the employ of the defendant and worked at a saw-bench on the second floor of the factory, and a part of his duty was to wheel a truck, to get waste material, to the bench from a point so located that direct and convenient course took him under and past one of the spouts or troughs in question, and that he was going under such trough by direction of his foreman when a block of wood came over the side of the trough and in falling hit the plaintiff on the head and inflicted the injury complained of.

One ground of the motion for a verdict was that the plaintiff's case did not tend to show proximate negligence on the part of the defendant. Evidence on behalf of the plaintiff tended to show that the block of wood that struck him came over the side of the trough and fell upon him instead of sliding down the trough, because a metal lining of the trough was broken or torn up, and that this condition of the metal lining had existed for a month or so.

The defendant was bound to furnish the plaintiff a reasonably safe place to work and to keep it in reasonable repair; and evidence tended to show that the plaintiff was working in the place furnished by the master, that it was not reasonably safe because of the overhead conditions referred to, and that because of the long standing character of those conditions the defendant had neglected the duty of inspection and repair.

So the question of proximate negligence on the part of the defendant was for the jury. *Lassasso* v. *Jones Bros. Co.*, 88 Vt. 526, 93 Atl. 266; *Pette's Adm'r* v. *Old English, etc., Quarry*, 90 Vt. 87, 96 Atl. 596; *Lincoln* v. *Central Vt. Ry. Co.*, 82 Vt. 187, 72 Atl. 821, 137 Am. St. Rep. 998; *Vaillancourt* v. *Grand Trunk Ry. Co.*, 82 Vt. 416, 74 Atl. 99; *Marshal* v. *Dalton Paper Mills*, 82 Vt. 489, 74 Atl. 108, 24 L. R. A. (N. S.) 128; *McDuffee's Adm'x* v. *Boston & Maine R. R.*, 81 Vt. 52, 69 Atl. 124, 130 Am. St. Rep. 1019; *Morrisette* v. *Canadian Pacific Ry. Co.*, 74 Vt. 232, 52 Atl. 520; *Geno* v. *Fall Mountain Paper Co.*, 68 Vt. 568, 35 Atl. 475; *Houston* v. *Brush, et al.*, 66 Vt. 331, 29 Atl. 380; *Davis* v. *Central Vt. Ry. Co.*, 55 Vt. 84, 45 Am. Rep. 590.

Another ground of the motion was that the plaintiff assumed the risk. But his place of work was on the floor, he had nothing to do with those overhead arrangements and his testimony was to the effect that he did not know that anything was wrong with the trough in question; and, although he had worked in the room for some time, he had no duty of inspection and cannot be taken, as matter of law, to have known of the risk consequent upon the master's negligence and voluntarily to have assumed it. So the question of assumption of risk was for the jury for they might reasonably conclude from the evidence that he did not know of and voluntarily assume the risk in question. *Bilodeau* v. *Moose, etc., Co.*, 90 Vt. 190, 97 Atl. 671; *Fowlie's Adm'x* v. *McDonald, etc., Co.*, 86 Vt. 395, 85 Atl. 692; *Dailey* v. *Swift & Co.*, 86 Vt. 189, 84 Atl. 603; *Duggan* v.

*Heaphy,* 85 Vt. 515, 83 Atl. 726; *Blanchard* v. *Shade Roller Co.,* 84 Vt. 446, 79 Atl. 911; *Miner* v. *Franklin County, etc., Co.,* 83 Vt. 311, 75 Atl. 653, 26 L. R. A. (N. S.) 1195; *Williams* v. *Norton Bros.,* 81 Vt. 1, 69 Atl. 942; *Dunbar* v. *Central Vt. Ry. Co.,* 79 Vt. 474, 65 Atl. 528; *Vaillancourt* v. *Grand Trunk R. Co.,* 82 Vt. 416, 74 Atl. 99; *Marshal* v. *Dalton Paper Mills,* 82 Vt. 489, 74 Atl. 108, 24 L. R. A. (N. S.) 128; *Skinner* v. *C. V. Ry. Co.,* 73 Vt. 326, 50 Atl. 1099; *Chesapeake, etc., Ry. Co.* v. *Proffitt,* 241 U. S. 463, 60 L. ed. 1102, 36 Sup. Ct. 620; *Seaboard Air Line* v. *Horton,* 233 U. S. 492, 504, 58 L. ed. 1062 34 Sup. Ct. 635, L. R. A. 1915 C, 1, Ann. Cas. 1915 B, 475; *Gila Valley Ry. Co.* v. *Hall,* 232 U. S. 94, 102, 58 L. ed. 521, 34 Sup. Ct. 229; *Smith* v. *Baker,* 1 App. Cas. (1891); *Williams* v. *Birmingham, etc., Co.,* 2 Q. B. 338 (1899).

Another ground of the motion for a verdict was that there was no evidence tending to show that the plaintiff himself was in the exercise of due care and caution, that even if the defendant was guilty of proximate negligence, there was no evidence tending to show that the plaintiff was free from proximate contributory negligence. Although the burden of showing freedom from contributory negligence is in this State on the plaintiff, it is not necessary that the plaintiff should introduce evidence distinctly directed to that matter. The requisite inferences may be drawn from evidence of a more general character.

There was evidence indicating that the plaintiff was in the exercise of the care and prudence of a prudent man in going where he did, which was where he was told to go, that he went by the standard of the trough, where nothing would have fallen upon him but for defects due to proximate negligence on the part of the defendant which he did not know of and had a right to assume did not exist, and so there is no ground for the claim that the question of contributory negligence was not for the jury. *Morris* v. *Trudo,* 83 Vt. 44, 74 Atl. 387, 25 L. R. A. (N. S.) 33; *Pette's Adm'x* v. *Old English, etc., Co.,* 90 Vt. 87, 96 Atl. 596. And see other cases hereinbefore cited.

The defendant excepted to some portions of the charge as given and to omissions to charge with reference to the questions we have already considered. But in those respects we find nothing of which the defendant can reasonably complain.

The court charged correctly as to the effect to be given to declarations of parties and witnesses respectively, made out of

court, and commented sensibly upon the infirmities that attach to testimony of such declarations. The defendant took a rather blind exception to the failure of the court to say more in connection with what it did say, but the exception is without merit. While the court is bound, without request, to charge upon all the substantial issues in the case, it is not bound to make every conceivable comment upon the evidence and the weight of it.

The plaintiff was about 46 years of age and the evidence tended to show that his expectancy of life was about 23 years. The charge of the court permitted the jury to conclude that the accident had destroyed the earning capacity of the plaintiff for the remainder of his life, and followed an argument to that effect made by the plaintiff's counsel. To the argument and the charge in this respect the defendant excepted on the ground that they were unwarranted by the evidence. And such was in fact the case. What the plaintiff's evidence tended to show was that the serious injury resulting to him from the blow on the head was not visible but was obscure, was something about which, in respect to its continuance and impairment of ability in the long future, a layman could form no well-grounded opinion, could do no more than indulge in the merest speculation. Expert medical testimony could alone lay a foundation for the claim made by counsel and submitted to the jury by the court. The principle is the same that ordinarily governs in malpractice cases, where the opinion of laymen that a physician or surgeon has not exercised due skill and care is not enough to permit recovery,—medical expert testimony to that effect being requisite to a recovery. *Sheldon* v. *Wright*, 80 Vt. 288, 317, 67 Atl. 807; *Wilkins* v. *Brock*, 81 Vt. 332, 343, 70 Atl. 572; *Lawson* v. *Crane*, 83 Vt. 115, 119, 74 Atl. 641. Here there was an entire absence of expert testimony as to the probable progress and duration of the plaintiff's trouble, and while the argument might have done no harm if it had been followed by a correct charge, the charge left the jury to determine future damages as a matter of unfounded guesswork or conjecture and cannot be sustained. Damages could not be assessed on the basis of life-long and complete inability to earn, without competent evidence to sustain an assessment on such basis.

We find no error relating to the liability of the defendant, but such only as relates to the question of damages.

*Accordingly judgment is affirmed except as to damages. As to that question judgment is reversed and the cause is remanded.*